EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SINFOROSO GONZÁLEZ CHARÓN, acusado y apelante.

*Número:* 17047.   *Resuelto:* 15 de septiembre de 1961.

*E. Alcaraz Casablanca,* abogado del acusado-apelante; *J. B. Fernández Badillo, Procurador General de Puerto Rico,* y *Nilita Vientós Gastón, Procurador General Auxiliar,* abogados de El Pueblo, apelado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel, como Presidente de Sala, y los Jueces Asociados Señores Serrano Geyls y Rigau.

PER CURIAM: El apelante fue convicto de una infracción al artículo 77 de la Ley núm. 6 de 30 de junio de 1936, según enmendada. (Ley de Bebidas.)

En este recurso señala como único error la admisión de la evidencia ocupada por los agentes de Rentas Internas. Su contención es que dichos agentes, sin estar provistos de una orden de allanamiento u orden de registro y sin que hubieran efectuado un arresto legal, "procedieron a registrar un sacc de la pertenencia y en posesión del apelante y procedieron a registrar un vehículo de su propiedad"; siendo, por tanto, ilegal dicho registro.

Estos son los hechos, brevemente expuestos. Una noche dos agentes de Rentas Internas que viajaban en un automóvil vieron otro automóvil propiedad del apelante, estacionado a la orilla de la carretera con la tapa del baúl levantada. Al acercarse a dicho automóvil los agentes vieron al apelante y a otra persona que conducían un saco aparentemente hacia el baúl abierto de dicho vehículo. Al percatarse de la presencia de los agentes, estas dos personas soltaron el saco y al caer en la carretera se rompió tanto el saco como una vasija de cristal que estaba dentro del mismo, despidiendo olor a "ron caña". El apelante y la otra persona se dieron a la fuga. Los agentes los persiguieron logrando arrestar a la otra persona, mas no al apelante. Luego abrieron el saco que había sido arrojado al suelo por dichas dos personas y encontraron dentro del mismo ron caña, o sea, espíritus destilados, sin haber pagado los impuestos correspondientes. En el asiento delantero y en el baúl del vehículo, encontraron también ron caña.

█ Es innecesario resolver en este caso si el registro del automóvil del apelante fue o no legal. Tampoco es necesario determinar, a los fines de resolver el caso, si el arresto de la otra persona que acompañaba al apelante fue legal. Basta decir que la evidencia ocupada por los Agentes de Rentas Internas dentro del saco que el apelante y su compañero

abandonaron en la carretera, de ser admisible, como indudablemente lo es, era suficiente para sostener la convicción del apelante.

No entra en juego aquí la garantía constitucional contra allanamientos y registros ilegales. Tal garantía no cubre la incautación de una evidencia que es abandonada o arrojada a un campo abierto, como lo es una vía pública. *Hester* v. *United States*, 265 U.S. 57, 68 L. Ed. 898; *Abel* v. *United States*, 362 U.S. 217, 241; *People* v. *Gaunders*, 108 N. E.2d 483; *United States* v. *McNeill*, 91 A.2d 849; *People* v. *Bly*, 12 Cal. Reptr. 542; *Burton* v. *United States*, 272 F.2d 473; *State* v. *Quinn*, 97 S.E. 62. Cf. *Ríos* v. *United States*, 364 U.S. 253.

*No habiéndose cometido el error señalado, se confirmará la sentencia apelada.*