EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FLOR COLÓN COLÓN, acusado y apelante.

*Número:* CR-62-233    *Resuelto:* 25 de abril de 1963

*Julio Alvarado Ginorio,* abogado del apelante; *Rodolfo Cruz Contreras, Procurador General Interino,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: Se imputó al acusado apelante una infracción a la "Ley de la Bolita", consistente en que el día 8 de octubre de 1961 y en Ponce, Puerto Rico, tenía en su poder y dominio una lista que utilizaba en relación con ese juego ilegal. Se presentó prueba oral por ambas partes. El Pueblo presentó, además, y fue admitida, una lista de papel blanco, de unas catorce y media pulgadas de largo por dos y cuarta de ancho, que aparentemente fue desprendida del rollo de papel estrecho utilizado por alguna máquina corriente de sumar, apareciendo impresas, en el tipo de número de esas máquinas, unas 30 cifras, separadas en cuatro grupos. A continuación del último grupo aparecen manuscritas, con lápiz, las cifras 5455, 3193, 4072, 2605 y 1021, sin puntos, rayas o comas intermedios.

El tribunal lo declaró culpable y le impuso ocho meses de cárcel. Apeló y nos señala la comisión de tres errores que formula así:

"1. Cometió error el honorable tribunal superior al admitir evidencia de opinión y conclusiones de testigos.

"2. Cometió error el honorable tribunal superior al negarse a suprimir evidencia documental inadmisible en evidencia.

"3. Cometió error el honorable tribunal superior al entender qué lista era material de bolita."

Hemos estudiado cuidadosamente la transcripción de evidencia. Concluimos que ninguno de esos errores fue cometido.

La prueba del fiscal, creída por el tribunal de instancia, podemos resumirla así: El acusado iba en un vehículo de su propiedad acompañado por Doel Colón, hijo suyo y que era menor de edad. Al percatarse de la presencia de los policías Beato Alvarado y José A. Ríos, el hijo, que estaba conduciendo en esos momentos, se paró, y entonces se corrió hacia el lado derecho del asiento delantero. En ese momento el acusado le

entregó a su hijo una lista de papel blanco. El muchacho corrió hacia la pieza de caña, y el policía Ríos lo siguió. El menor se desprendió del papel en la pieza de caña y el policía lo recuperó. Dicho papel fue admitido en evidencia. Los policías detuvieron al acusado-apelante y éste le manifestó al policía Ríos lo siguiente: "Qué de malas estoy. Imagínese, porque por cuatro órdenes de arresto, fíjese allá cogieron a la mujer mía con Bolita y ahora me cogen a mí." (T.E. pág. 27.)

▪ Se deduce de esa prueba que el acusado se desprendió voluntariamente de la lista al entregársela a su hijo y éste a su vez la arrojó dentro de la plantación de cañas cercana. No resultó demostrado un registro ilegal.

Con arreglo a lo que hemos decidido en *Pueblo* v. *González Charón*, 83 D.P.R. 450 (1961) y *Pueblo* v. *Del Valle*, 83 D.P.R. 457 (1961), la lista era admisible en evidencia, especialmente, en lo que respecta a sus últimas cinco cifras manuscritas.

▪ Por el testimonio de uno de los testigos del fiscal quedó demostrado que la lista estaba relacionada con el juego de la bolita. A petición del fiscal el tribunal tomó conocimiento judicial de cómo se realizaba o funcionaba ese juego prohibido. Sobre el no uso de guiones, véase lo que dijimos en *Pueblo* v. *Correa García*, 86 D.P.R. 547 (1962). El propio acusado, mientras iba con la policía hacia el pueblo de Juana Díaz admitió que lo habían cogido jugando la bolita.

*Se confirmará la sentencia apelada.*