EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HÉCTOR MORALES SOLER y RAFAEL DELGADO REYES, acusados y apelantes.

Número: CR-66-316        Resuelto: 3 de mayo de 1967

*Santos P. Amadeo, Edna Abruña Rodríguez, E. Armstrong de Watlington* y *Enrique Miranda Merced,* abogados de los apelantes; *J. B. Fernández Badillo, Procurador General,* e *Irene Curbelo, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Los apelantes fueron acusados conjuntamente con Antonio Pérez Batista de una infracción al Art. 29 de la Ley de Drogas, consistente en que en 7 de febrero de 1964, actuando en concierto y de común acuerdo tenían en su posesión y dominio la droga narcótica conocida como heroína.

Un jurado les declaró convictos de dicho delito y una vez sentenciados apelaron para ante este Tribunal.

Rafael Delgado Reyes solicita la revocación de la sentencia porque el tribunal de instancia erró al estimar que se había probado su culpabilidad más allá de toda duda razonable.

El otro apelante Héctor Morales Soler señala como errores que (1) la "prueba aducida contra los acusados-apelantes era inadmisible porque fue el producto de un registro ilegal", (2) a "los acusados se les privó del derecho a un juicio imparcial debido a las manifestaciones del Fiscal en el sentido de que había que condenar a los acusados para protejer a la juventud de la Escuela Labra y a los padres, etc."

Ninguno de los errores fue cometido. La prueba de cargo justificaba al jurado concluir, más allá de una duda razonable, que el apelante Rafael Delgado Reyes estuvo en

posesión y dominio de la droga narcótica conocida por heroína en la fecha y sitio que dejó establecida dicha prueba.

Con el propósito de investigar una querella recibida, cuatro agentes, entre ellos Gerardo Mendoza Pérez, quien había recibido entrenamiento especial sobre el conocimiento de las drogas y quien había intervenido en más de cien casos de drogas, salieron de ronda y al llegar al parque de estacionamiento de Matías Photo, dejaron el automóvil y caminaron en dirección de la Avenida Ponce de León. Pasó en esos momentos el acusado Delgado Reyes corriendo en dirección de la escuela Labra. Los agentes se ocultaron en un establecimiento al Norte de la Avenida Ponce de León. Delgado Reyes llegó donde estaba el otro coacusado Héctor Morales Soler. Este sacó del bolsillo izquierdo delantero de su pantalón un sobre manila y le dió a Delgado Reyes un *deck* de supuesta heroína. Delgado Reyes abrió el sobrecito, lo probó con la lengua, haciendo a Pérez Batista un gesto afirmativo con la cabeza y luego se lo devolvió a Héctor Morales Soler, quien sacó del sobre manila y le entregó otro sobrecito (*deck*) de heroína a Antonio Pérez Batista después que éste le entregó dinero americano en billetes a Morales Soler. Al acercarse los agentes Morales Soler "caminó hacia dentro de la escuela, cogió el sobrecito de manila y lo tiró hacia el edificio en construcción de acero por una empalizada de zinc que divide la escuela y el edificio". Los agentes detuvieron a los tres, o sea, a Delgado Reyes, Morales Soler y Pérez Batista. A Delgado Reyes se le ocupó en la boca una chapita. Debido a que en esos momentos se aglomeraron muchos estudiantes, los tres acusados pudieron escapar aunque pudieron alcanzar y arrestar a Pérez Batista. Un agente buscó infructuosamente el sobre manila lanzado por el acusado Morales Soler sobre la verja pero el agente Gerardo Mendoza Pérez pudo encontrarlo y junto con la chapita se le entregó al químico Sr. Ramón Chinea.

De los once sobrecitos (*decks*) que contenía el sobre manila, nueve de ellos dieron positivo de heroína. La chapita contenía uno de los derivados del opio, aunque por ser tan pequeña la cantidad encontrada para análisis, no se pudo determinar cuál era el derivado.

La defensa presentó como único testigo a Juan Algarín Viera, un vecino del coacusado Héctor Morales Soler. Declaró que el día de los hechos estaba frente a la escuela Labra comprando una piragua cuando vio que un agente se acercó a Morales Soler, le puso las esposas, lo registró, y luego lo desposó y le dijo que podía irse; que al coacusado Delgado Reyes lo vio que cruzó la calle con las esposas puestas y "cogió por la calle Labra para abajo"; que no iba corriendo, que como habían carros iba "entre carro y carro".

No nos impresiona el argumento de Delgado Reyes al efecto de que como dos de los once *decks* examinados por el químico dieron negativo de heroína había la posibilidad de que el sobrecito (*deck*) que él tuvo en sus manos no fuera de heroína.

A preguntas del juez el agente Mendoza Pérez declaró que entre los adictos y traficantes el propósito de probar con la lengua el *deck* es para saber si es heroína. El gesto afirmativo hecho por Delgado Reyes a Pérez Batista después de probar el *deck* era indicativo de que dicho *deck* era de heroína.

■ El arresto de los apelantes no fue ilegal. Los agentes tenían motivos para creer que los apelantes habían cometido un delito grave (*felony*) y que habían cometido dicho delito en su presencia. Regla 11 de Procedimiento Criminal. Por otro lado, y a mayor abundamiento, la garantía constitucional contra allanamientos y registros ilegales no cubre la incautación de una evidencia, como ocurrió en este caso con el sobre manila, que es abandonada o arrojada por una persona. *Pueblo* v. *González Charón*, 83 D.P.R. 450 (1961) ; *Pueblo* v.

*Del Valle,* 83 D.P.R. 457 (1961); *Pueblo* v. *Colón Colón,* 88 D.P.R. 187 (1963); *Pueblo* v. *Saura Gómez,* 90 D.P.R. 801 (1964).

*Las sentencias apeladas serán confirmadas.*

El Juez Asociado Señor Rigau no intervino.