EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS
MANUEL FEBRES MELÉNDEZ, acusado y apelante.

*Número:* CR-66-181          *Resuelto:* 2 de junio de 1967

*E. Armstrong de Watlington* y *Edna Abruña Rodríguez,* aboga-
das del apelante; *J. B. Fernández Badillo, Procurador Ge-
neral,* e *Ida Cardona Hernández, Procuradora General Auxi-
liar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto de una infrac-
ción a la Ley de Narcóticos consistente en tener en su pose-
sión la droga narcótica heroína.

Como único error señala lo siguiente: "La prueba de
cargo resulta insuficiente para sostener una convicción."

La prueba de cargo consistió de las declaraciones de dos
agentes del orden público y la del químico que examinó la
heroína. La prueba demuestra que los agentes del orden Ri-
cardo Hernández y Alfredo Cruz, mientras caminaban por
la calle Gaviota de Santurce, vieron al apelante y a otro in-
dividuo en las siguientes circunstancias: El apelante sostenía
una chapa en sus manos mientras el otro extraía de la chapa
un líquido con un gotero que tenía una aguja. Al ser sor-
prendidos el apelante botó la chapa al mangle y el otro indi-
viduo dejó caer el gotero con la aguja. El policía Hernández

recogió el gotero, el cual contenía un líquido, cuyo líquido al ser analizado resultó contener heroína.

Como se sabe, el Art. 29 de la Ley de Narcóticos, 24 L.P.R.A. sec. 974z, prohibe "la tenencia, posesión, traspaso, uso, aplicación, prescripción, manufactura, preparación o cualquier transferencia o recibo, así como la introducción, la ocultación y la transportación en Puerto Rico" de determinadas drogas que dicho artículo relaciona, siendo una de éstas la heroína. Como hemos ya resuelto, la posesión ilegal de la droga no deja de serlo—esto es, constituye delito público— aunque dicha posesión ilegal sea temporera o breve. *Pueblo* v. *Pellot Pérez*, 92 D.P.R. 812 (1965); *Pueblo* v. *Morales Soler*, 94 D.P.R. 384 (1967). En este caso hubo la posesión ilegal y la prueba fue suficiente. Más aún, podemos añadir que las circunstancias de este caso—preparación de la droga en forma líquida, gotero con aguja, y la tentativa del apelante de hacer desaparecer la evidencia—demuestran claramente que no sólo se poseía la droga ilegalmente sino que además iba a ser utilizada para su uso o aplicación ilegal.

Las circunstancias del caso y también la cantidad de la droga ocupada distinguen este caso de las circunstancias de *Pueblo* v. *Márquez Estrada*, 93 D.P.R. 811 (1966), en el cual, aunque se encontraron trazas de la droga en una chapa ahumada que el apelante llevaba en un bolsillo, no se encontró droga alguna en el cuentagotas y la que se encontró en la chapa no era susceptible de uso. En este caso, como hemos indicado, la droga ocupada era susceptible de uso como narcótico y todo indica que en efecto iba en esos momentos a utilizarse en esa forma ilegal.

No se cometió el error señalado. *Se confirmará la sentencia apelada.*