EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO ARROYO RAMÍREZ, acusado y apelante.

*Número:* CR-68-2      *Resuelto:* 11 de octubre de 1968

*Iván H. Ayala Cádiz,* abogado del apelante; *Rafael A. Rivera Cruz, Procurador General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante fue acusado, con otros tres individuos, de una infracción al Art. 29 de la Ley de Narcóticos, 24 L.P.R.A. sec. 974z, consistente en tener en su posesión heroína. El aquí apelante fue juzgado por separado en el Tribunal Superior, Sala de San Juan, y un jurado unánime lo declaró culpable.

En apelación señala los siguientes errores:

"1. Cometió error el Tribunal inferior al admitir que el gotero podía contener suficiente residuo como para hacer un análisis sin que pudiera influir en ese análisis otras substancias químicas propias del mismo gotero.

2. Cometió error el Tribunal inferior al admitir los artefactos que ocuparon según los policías al acusado en este caso y a sus acompañantes.

3. Cometió error la Corte inferior al no instruír específicamente a los Señores del Jurado que habiendo ocupado el acusado la silla testifical su testimonio debe tomarse en consideración como el de cualquier otro testigo.

4. Cometió error el Tribunal inferior ya que el veredicto en este caso es contrario a la prueba, pues en ningún momento se ha probado que el acusado estuviera en posesión de droga alguna.

5. Cometió error el Tribunal de instancia al permitir que el Jurado subsanara el error cometido luego de haber disuelto el mismo."

Los errores señalados no se cometieron. Nos explicamos a continuación.

El primer señalamiento es frívolo. El químico Fabián Álvarez Nazario hizo una declaración extensa y convincente sobre los exámenes a que sometió la droga. Sobre el gotero que tenía la aguja declaró que dio positivo de heroína. Explicó en forma minuciosa el proceso que siguió para hacer las cinco pruebas analíticas a que sometió dicha evidencia. Expresó que "no tenía la menor duda de que era heroína."

■ En cuanto al segundo señalamiento bastará decir que la prueba demostró que los policías Martínez y Rosario estaban de patrulla y que respondiendo a una llamada del Centro de Mando de San Juan fueron a determinado lugar en donde hay o había una casa vieja, destartalada, sin puertas ni ventanas y abandonada, de donde salía una luz que luego resultó ser de una vela. Llegaron al lugar y sorprendieron a los cuatro individuos inyectándose. Éstos botaron los instrumentos, algunos de ellos por la ventana, y la policía los recogió: una tapa o chapa, una bolsita plástica, una vela y un cuentagotas con aguja. No se plantea aquí ningún problema de allanamiento ilegal ni de evidencia ilegalmente obtenida. Dicha garantía no cubre estructuras abandonadas ni la incautación de evidencia que es abandonada o arrojada por una persona. *Pueblo* v. *Saura Gómez,* 90 D.P.R. 801, 803 (1964); *Pueblo* v. *González Charón,* 83 D.P.R. 450 (1961); *Pueblo* v. *Del Valle,* 83 D.P.R. 457 (1961); *Pueblo* v. *Colón Colón,* 88 D.P.R. 187 (1963). Tampoco hay problema de arresto ilegal. A la luz de los hechos probados no hay duda de que la policía tuvo motivos fundados para creer que se estaba cometiendo un delito en su presencia. Regla 11 de Procedimiento Criminal; *Pueblo* v. *Acevedo González,* 95 D.P.R. 355 (1967); *Cepero Rivera* v. *Tribunal Superior,* 93 D.P.R. 245, 248 (1966); *Pueblo* v. *Cabrera Cepeda,* 92 D.P.R. 70 (1965).

■ El tercer señalamiento es frívolo. El juez no viene obligado a dar la instrucción que allí se alega que no se dio. Además, el planteamiento es tardío. Luego de terminar el juez sus instrucciones preguntó a las partes si tenían algún reparo que hacer a las instrucciones o si entendían que debían darse instrucciones adicionales y la defensa específicamente contestó que no. (T.E. pág. 140.) Regla 137 de Procedimiento Criminal.

El cuarto planteamiento no tiene mérito. Se alega en él que en ningún momento se probó que el acusado estuviera en

posesión de droga alguna. Cuando fue sorprendido por la policía el acusado se estaba inyectando. El cuentagotas dio positivo de heroína.

En cuanto al quinto señalamiento, lo que ocurrió fue lo siguiente. Al jurado se le entregó una hoja de papel que contenía un formulario para que allí el presidente del jurado hiciese constar cuál era el veredicto. La ley no exige que se llene ningún formulario determinado. Lo que la ley exige es que el presidente del jurado entregue el veredicto por escrito. Regla 145 de Procedimiento Criminal. En este caso el presidente escribió el veredicto en la parte inferior izquierda de la hoja. Allí se lee "Por Unanimidad X Culpable". El formulario contiene además el nombre y apellidos del acusado, el número del caso, el delito por el cual se ha juzgado al acusado, la fecha del veredicto y la firma del presidente del jurado.

Luego de regresar del salón de deliberaciones el presidente del jurado entregó el veredicto escrito y el secretario del tribunal lo leyó en esta forma: "Crim. G63-772, El Pueblo de P.R. Vs. Francisco Arroyo Ramírez, Infracción Ley de Narcóticos de P.R., Artículo 29, "felony", 'Nosotros los Señores del Jurado, declaramos al acusado Francisco Arroyo Ramírez culpable del delito de Infracción a la Ley de Narcóticos de P.R., artículo 29, "felony," San Juan, Puerto Rico, 13 de julio de 1967, firmado, Héctor A. Hernández Lammutte, Presidente del Jurado, por unanimidad.'" El juez preguntó al abogado defensor si tenía alguna manifestación que hacer y éste contestó que ninguna. El juez aceptó el veredicto y expresó que los señores del jurado quedaban excusados. Entonces el abogado defensor le expresó al tribunal "que en la forma que está llenado ésto, no es correcto de acuerdo con la Ley." El juez llamó al jurado otra vez. Esto, el juez expresó para el récord, tomó solamente varios segundos.

Lo que señalaba el abogado defensor era que la palabra culpable no aparecía en el formulario inmediatamente después del nombre del acusado. El juez y el abogado dialogaron sobre el asunto. El jurado se retuvo por orden del juez. El tribunal declaró un breve receso para discutir el asunto. El tribunal expresó que se trataba de un defecto de forma, que surgía claramente del documento escrito la decisión del jurado y su voluntad de declarar culpable al acusado y que no tenía duda de que el veredicto tal como se hizo y se expresó era conforme a la ley. Pero para ir más allá y para darle la oportunidad más clara posible al acusado, el juez, al reanudarse la sesión, volvió a entregarle la hoja al presidente del jurado e instruyó al jurado que regresase al salón de deliberaciones, y volviesen a examinar, bajo el mismo juramento, su veredicto y escribiesen la palabra culpable o no culpable, según fuese su determinación. El jurado volvió a traer el veredicto de culpable añadiendo la palabra culpable inmediatamente después del nombre del acusado.

■ Como puede verse, el juez quiso ser y fue en extremo cuidadoso de los derechos del acusado. Realmente el veredicto según rendido la primera vez era suficiente pues contenía todos los elementos necesarios y decía específicamente "Por Unanimidad Culpable". Además, la corrección que hizo el jurado al insertar en el formulario otra vez la palabra culpable al lado del nombre del acusado fue una corrección de mera forma. Lo importante es determinar cual fue la verdadera intención del jurado y ésta estaba consignada en forma clara y expresa en el veredicto escrito que se trajo por primera vez. Éste decía "Por Unanimidad Culpable". Pero para mayor abundamiento, si la enmienda hubiese sido necesaria, ésta se hizo y por ser meramente una enmienda de forma se podía hacer. *Pueblo* v. *Martínez Díaz*, 90 D.P.R. 467, 472 (1964) ; *Pueblo* v. *Piazza*, 60 D.P.R. 575, 583 (1942) ; *Shiflett* v. *Welch*, 161 F.2d 933, *Certiorari* denegado 332 U.S.

777; *State* v. *Poe*, 38 So.2d 359, 362; Barron & Holtzoff, *Federal Practice and Procedure*, Vol. 4 (Criminal Procedure), Sec. 2241; 5 Wharton, *Criminal Law and Procedure*, sec. 2149.

En *Pueblo* v. *Piazza*, supra, la situación fue casi idéntica a la del caso de autos. Se sostuvo la validez del veredicto enmendado. De todos modos, en el caso de autos la enmienda, aunque se hizo, no era necesaria. La intención del jurado, como hemos señalado, estaba expresada en forma clara en el veredicto original y el mismo era válido. *Pueblo* v. *Martínez*, supra, págs. 472–473.

*Se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 18 de julio de 1967.*

El Juez Asociado Señor Santana Becerra no intervino.