EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO LLANOS VIRELLA, acusado y apelante.

*Número:* CR-68-217    *Resuelto:* 25 de marzo de 1969

*Santos P. Amadeo* y *Víctor Alberty Ruiz,* abogados del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Adolfo Negrón Cruz, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El día 12 de marzo de 1968 fue escalada la residencia de Heberto Figueroa. La penetración a la morada tuvo lugar por el hueco que ocupaba una unidad de aire acondicionado que fue removida para ese propósito. Fueron hurtados varios artículos y objetos, entre los cuales, quince trajes de mujer, prendas, tocadiscos y radios. El mismo día, cuando aún no se había formulado querella alguna por el perjudicado, el agente José D. Silva, quien patrullaba un sector conocido como Parcelas Falú, observó a dos individuos—el apelante Francisco Llanos Virella y Juan Pizarro—quienes le tuvieron "cara de sospechosos" que tenían sendos paquetes en sus manos, y se dirigió a ellos preguntándoles sobre el contenido de los mismos. Al intentar el agente desmontarse del auto de la patrulla, Llanos y Pizarro se dieron a la fuga, no sin antes lanzar y abandonar los paquetes que fueron ocupados. Resultaron contener los objetos hurtados.

Llanos fue convicto de hurto mayor y sentenciado a cumplir una pena indeterminada de tres a siete años de presidio.

■ (1) Se señala como error el incumplimiento por el juez sentenciador con las disposiciones de la Regla 166 de las de Procedimiento Criminal que requiere la alocución al convicto. En *Pueblo* v. *Hernández*, 94 D.P.R. 116 (1967), tuvimos ocasión de referirnos a esta práctica, y luego de establecer que la ausencia de alocución no da lugar a la revocación de la sentencia sino a la imposición de nuevas sentencias, dijimos que no procedía devolver la causa al tribunal de instancia cuando el convicto no puede aducir ninguna de las causas a que se refiere la Regla 168. Así ocurre en el presente caso. *Hill* v. *United States*, 368 U.S. 424 (1962) invocado por el apelante, se limita a resolver que mera prueba de la ausencia de la alocución no es un error que pueda levantarse mediante ataque colateral a la sentencia.

■ (2) El incidente sobre renuncia al derecho a juicio por jurado(¹) demuestra que la misma fue hecha inteligentemente y consciente el acusado de las consecuencias que ella implicaba. *Pueblo* v. *Juarbe de la Rosa*, 95 D.P.R. 753 (1968). En ausencia de circunstancias que lo justifiquen, el tribunal no está obligado, como se pretende, a investigar la edad del acusado, su educación y "experiencia criminal".

■ (3) Al momento de dictar sentencia el juez a quo inquirió del acusado, quien contaba 19 años de edad, si había sido convicto anteriormente, a lo cual éste respondió, refiriéndose a una condena por el delito de escalamiento en segundo grado. Por ese motivo se abstuvo de referir el expe-

---

(¹) "Lic. Alberty Ruiz:

"Renunciamos expresamente, hemos hablado con nuestro representado y le hemos explicado lo que es un juicio por jurado, que son doce personas, que nueve dan un veredicto en un sentido o en otro, culpable o inocente, que es un derecho constitucional que él tiene a juicio por jurado pero él ha manifestado después de consultar conmigo que desea que el juicio se vea por el Tribunal de derecho renunciando expresamente a su derecho a juicio por jurado.

"Hon. Juez:

"Don Francisco, usted ha oído las manifestaciones de su abogado informando al Tribunal que usted prefiere que sea el Juez quien le juzgue y no el jurado?

"R—Sí, señor.

"P—Quién usted desea que le juzgue, el jurado o yo?

"R—Sala de Derecho.

"P—Y esa es una renuncia que usted hace voluntariamente, espontáneamente, una elección que usted hace que sea . . . yo quien le juzgue y no el jurado? Usted sabe que Sala de Derecho quiere decir, que sea el Juez?

"R—Sí, señor.

"P—Yo quiero decirle que para que un jurado lo juzgue, por lo menos nueve de los doce jurados tiene que llegar a un veredicto, mientras que por el Juez, solamente yo resuelvo si usted es CULPABLE después de oir la prueba del Fiscal, de manera que allá son nueve y acá son, soy yo solamente el que tengo que ponerme de acuerdo.

"R—Sí, señor.

"P—Y a pesar de eso usted desea que sea yo y no el jurado quien le juzgue?

"R—Sí, señor.

"P—Entiende que así están mejor salvaguardados los derechos suyos?

"R—Sí, señor." (T.E. págs. 2–4.)

diente al oficial probatorio. (²) Es cierto que conforme a la Sec. 2 de la Ley Núm. 103 de 29 de junio de 1955, según enmendada, 34 L.P.R.A. sec. 1042, cuando el convicto fuere menor de 21 años, las convicciones anteriores no impiden la concesión de una sentencia suspendida. Sin embargo, ésta es una facultad discrecional y contrario a *Pueblo* v. *Sánchez González*, 90 D.P.R. 197 (1964), no se ha demostrado que se incurriera en un abuso de discreción. Cf. *Pueblo* v. *Vélez*, 76 D.P.R. 142 (1954); *Fernández* v. *Rivera, Jefe del Presidio*, 70 D.P.R. 900 (1950).

■ (4) Bajo las circunstancias expuestas precedentemente no puede sostenerse que la prueba de los objetos hurtados presentada en el juicio fue el producto de un registro ilegal. Como se ha visto se trata de la incautación de evidencia abandonada o arrojada por una persona. *Pueblo* v. *Arroyo Ramírez*, 96 D.P.R. 576 (1968); *Pueblo* v. *Saura Gómez*, 90 D.P.R. 801 (1964); *Pueblo* v. *Colón Colón*, 88 D.P.R. 187 (1963).

■ (5) La posesión de artículos hurtados no explicada satisfactoriamente unida a la fuga al ser sorprendido en posesión de los mismos, justifica la convicción. *Pueblo* v. *Gagot Mangual*, 96 D.P.R. 625 (1968), y casos allí citados. El acusado pretendió establecer que su encuentro con el otro escalador fue fortuito y que ocurrió después de ocurrida la sustracción. El tribunal no le dio crédito y específicamente

---

(²) "Hon. Juez:

"(al acusado) Tú has tenido otras convicciones?

"R—Sí, señor.

"P—Por qué?

"R—Por escalamiento en segundo grado.

"Hon. Juez:

"Estaba preguntando como era menor de 19 años, por si iba a pedir que lo mandaran al Oficial Probatorio pero con ese Escalamiento en Segundo Grado que él admite que ha tenido; el Tribunal lo condena a cumplir una pena indeterminada de TRES A SIETE (3–7) años de presidio con trabajos forzados." (T.E. pág. 36.)

comentó "ese aire acondicionado se necesitan dos para empujarlo por ese hueco." (T.E. pág. 35.)

*No habiéndose cometido los errores señalados, se confirma la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 28 de mayo de 1968.*