EL PUEBLO DE PUERTO RICO en interés de los menores A.L.R.G. y F.R.G., peticionarios.

Números: CE-88-404  Resueltos: 16 de marzo de 1993
CE-88-632

[redacted]

*José A. Gutiérrez Núñez*, abogado de los peticionarios; *Norma Cotti Cruz, Subprocuradora General*, y *Marjorie Rivera Rodríguez, Procuradora General Auxiliar*, abogadas de El Pueblo.

El Juez Asociado Señor Rebollo López emitió la opinión del Tribunal.

El presente recurso nos permite expresarnos sobre un aspecto del descubrimiento de prueba en los procedimientos judiciales bajo la nueva Ley de Menores de Puerto Rico. A pesar de que el trasfondo fáctico de los dos (2) recursos ante nuestra consideración es distinto, ambos plantean —de manera principal— la misma controversia, razón por la cual acordamos consolidar los mismos.

I

Al menor A.L.R.G. se le imputó la comisión de una falta clase III por escalamiento agravado. Se alegó en la querella que dicho menor penetró ilegalmente en el Restaurante "Aquí Me Quedo", durante horas de la madrugada del 29 de enero de 1988, el cual está ubicado en la jurisdicción del municipio de Aibonito.

Durante la celebración de la vista de determinación de causa probable para radicar la querella, el Procurador de Menores presentó en evidencia el testimonio del Sargento

David González Santiago, el guardia José R. Ortega Ortiz, y el Sr. Víctor M. Matos Hernández. Una vez finalizado el contrainterrogatorio de los testigos, la representación legal del menor solicitó copia de las declaraciones juradas prestadas por dichos testigos, las cuales obraban en poder del Procurador de Menores. Invocó, en apoyo de su solicitud, lo dispuesto por la Regla 6.4 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A.

El Procurador de Menores se opuso y alegó que no procedía la entrega de las declaraciones juradas, por cuanto la Regla 2.10(c) de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, sólo exige que se ponga a disposición del menor, *para su inspección*, las declaraciones juradas de los testigos que hayan declarado en la vista. El tribunal de instancia resolvió conforme al argumento del Procurador de Menores, denegando la petición del menor.

Por otra parte, al menor F.R.G. se le imputó una falta consistente en la posesión de sustancias controladas, específicamente marihuana. Según la prueba desfilada en la vista para la determinación de causa probable, el agente Antonio Rivera Rodríguez se encontraba la noche del 31 de marzo de 1988 patrullando el área del terminal de guaguas de Aibonito junto a otros agentes. Allí pudo percatarse que un joven, quien resultó ser el menor peticionario F.R.G., al darse cuenta de la presencia de los agentes, *arrojó al suelo* en una forma "sospechosa" una envoltura de papel en forma de cono. El agente Rivera Rodríguez declaró que, por su entrenamiento como miembro de la Policía, reconoció dicho objeto como uno de los comúnmente utilizados en el tráfico ilegal de narcóticos. Teniendo, en su opinión, motivos fundados para creer que el peticionario había cometido un delito en su presencia, aprehendió a éste y luego ocupó la evidencia arrojada al pavimento. Posteriormente, luego del análisis químico correspondiente, el contenido del cono ocupado dio positivo de la sustancia controlada conocida por marihuana.

En la vista para la determinación de causa probable, el

Procurador de Menores presentó el testimonio del agente Rodríguez y del agente José A. Matos Cartagena. Luego del contrainterrogatorio, la defensa solicitó que se le entregaran copias de las declaraciones juradas prestadas por ambos testigos. A dicha solicitud se opuso el Procurador de Menores al aducir que las Reglas de Procedimiento para Asuntos de Menores no contemplan la entrega de dichas declaraciones *dado el carácter confidencial de estos procedimientos.* Tras haber sido denegada la moción por el tribunal de instancia, y haberse reafirmado dicho foro en reconsideración, el peticionario cuestiona ante nos la corrección del referido dictamen. *En adición*, argumenta que el tribunal inferior debió *suprimir la evidencia* obtenida tanto por el. hecho de que el agente interventor no tenía motivos fundados para efectuar la aprehensión, como porque dicho acto y la incautación de la evidencia fueron irrazonables.

En ambos casos la representación legal de los menores recurrió ante este Tribunal —vía *certiorari*— señalando que "[c]ometió error el honorable tribunal de instancia al declarar no ha lugar la solicitud hecha por el querellado, a través de su representación legal, solicitando se le entregaran fotocopia (sic) de las declaraciones juradas de los testigos que declararon en la vista inicial de determinación de causa". Petición de *certiorari*, pág. 5.

Expedimos ambos autos de *certiorari*; procedemos a resolver, en primer lugar, la cuestión sobre la procedencia de la solicitud de descubrimiento de prueba presentada por la defensa.

## II

La Ley de Menores de Puerto Rico[1] es de aplicación a todo asunto relacionado con un menor de dieciocho (18) años que incurra en el tipo de conducta que constitui-

---

[1] Ley Núm. 88 de 9 de julio de 1986, según enmendada, 34 L.P.R.A. sec. 2201 *et seq.*

ría delito de ser cometida por un adulto, según la define el Código Penal y otras leyes especiales. En el pasado, al examinar la antigua Ley de Menores, establecimos la norma de separación entre los procedimientos relativos a menores y los procesos penales aplicables a adultos, señalando que los procedimientos de menores gozaban de una naturaleza sui géneris. *Pueblo ex rel. J.L.D.R.*, 114 D.P.R. 497 (1983); *Pueblo ex rel. L.V.C.*, 110 D.P.R. 114 (1980); *R.A.M. v. Tribunal Superior*, 102 D.P.R. 270 (1974). En *ELA en Interés R.M.R.*, 83 D.P.R. 244 (1961), aclaramos que no obstante el hecho de que los procedimientos de menores no constituían propiamente causas criminales, el menor podía reclamar aquellas garantías constitucionales que le aseguren un trato justo y un debido procedimiento de ley. Procede que se señale que hace aproximadamente tres (3) años ratificamos, al amparo de las disposiciones de la nueva Ley de Menores de Puerto Rico, estos principios fundamentales. Véase *Pueblo en interés menor R.G.G.,* 123 D.P.R. 443 (1989).

■ No obstante, bajo la nueva Ley de Menores de Puerto Rico ciertamente ha habido un cambio de enfoque. El nuevo esquema jurídico adopta un criterio filosófico ecléctico en el que se armoniza la responsabilidad de *parens patriae* del Estado, en cuanto a la rehabilitación de los ofensores, y la responsabilidad de éstos por sus actos. *Pueblo en interés menor R.H.M.,* 126 D.P.R. 404 (1990).

■ El Art. 2 de la citada Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2202, establece que su interpretación debe regirse teniendo en cuenta los siguientes propósitos: (a) proveer para el cuidado, protección, desarrollo, habilitación y rehabilitación de los menores y proteger el bienestar de la comunidad; (b) proteger el interés público tratando a los menores como personas necesitadas de supervisión, cuidado y tratamiento, a la vez que se le exige responsabilidad por sus actos, y (c) garantizar a todo me-

nor un trato justo, el debido procedimiento de ley y el reconocimiento de sus derechos constitucionales. El propósito de esta nueva ley está enmarcado dentro de la corriente filosófica proteccionista. Ello está en armonía con la noción tradicional que sostiene que el menor carece de un desarrollo biológico completo en términos de su sistema endocrino y neurológico, y no ha adquirido una madurez mental plena, por lo que debe dársele un trato rehabilitador por parte del Estado cuando incurre en conducta delictiva. En adición, queda protegido el interés de la comunidad al exigirle responsabilidad al menor si sus actos han infringido las leyes penales. D. Nevares-Muñiz, *Derecho de Menores*, Hato Rey, Ed. Inst. Desarrollo del Derecho, 1987, pág. 5. Si bien el procedimiento continúa siendo sui géneris, éste ha adquirido *matices de naturaleza punitiva* que van más allá del propósito meramente rehabilitador y paternalista de la antigua ley. *Pueblo en interés menor R.G.G.*, ante, pág. 460.

▮▮▮▮ Por ser éste un procedimiento especial, el legislador optó por ampararlo bajo el *manto de la confidencialidad*, de manera que se evite al máximo cualquier daño al menor transgresor por el estigma que acarrea la imputación de un acto delictivo, conforme a la filosofía proteccionista que permea dicha ley. Esta corriente de pensamiento sostiene que la identificación del menor transgresor ante la sociedad evita que dicha persona logre su rehabilitación y su saludable integración a la libre comunidad. Una vez se detecta la conducta criminal en un menor, a temprana edad, es posible moldearlo a tiempo y propiciar su desarrollo en un ciudadano cumplidor de las leyes. De ahí que nuestra legislación, en materia de menores, busque protegerlos del escrutinio público y así disminuir el daño que esto pueda causar en su autoestima. De la misma forma esto abona a su reingreso a la sociedad y a su núcleo familiar. P.R. Kfoury, *Children Before the Court: Reflections*

*on Legal Issues Affecting Minors*, Boston, Butterworth Legal Publishers, 1987, págs. 55–70.

■ La nueva Ley de Menores de Puerto Rico contiene diversas cláusulas dirigidas a mantener los procedimientos de menores, tanto en la etapa adjudicativa como en la preadjudicativa, bajo la más estricta confidencialidad. Al reglamentar las disposiciones generales, el Art. 37(d) de la citada ley, 34 L.P.R.A. sec. 2237(d), establece que "[l]os expedientes en los casos de menores se mantendrán en archivos separados de los de adultos y no estarán sujetos a inspección por el público, *excepto que estarán accesibles a inspección por la representación legal del menor previa identificación y en el lugar designado para ello.* Tanto los expedientes en poder de la Policía como aquéllos en poder del Procurador están sujetos a la misma confidencialidad. No se proveerán copias de documentos legales o sociales para ser sacadas fuera del Tribunal". (Énfasis suplido.)

Así lo habíamos reconocido bajo la antigua Ley de Menores. Dicha posición, repetimos, encuentra apoyo en el convencimiento de que la publicidad del expediente y de los procedimientos en las Salas de Asuntos de Menores interfieren en forma perjudicial con las posibilidades de rehabilitación del menor. *Morales Torres v. Tribunal Superior*, 99 D.P.R. 459 (1970). La secretividad reduce al mínimo el estigma popular que conlleva todo acto delictivo.

No obstante, hemos dicho que la confidencialidad de estos procedimientos *no es un derecho absoluto.* Cualquier controversia debe ser resuelta a base de un *balance razonable* de los intereses opuestos. *Pueblo en interés menor S.G.S.,* 128 D.P.R. 169 (1991). Esta función está dirigida a promover el orden y la estabilidad social mediante la elección acertada de los intereses que deben prevalecer de

acuerdo con las circunstancias específicas de cada caso. *Morales Torres v. Tribunal Superior*, ante, pág. 463.([2])

En materia de descubrimiento de prueba, el Tribunal Supremo federal ha resuelto que un menor a quien se le imputa la comisión de una falta tiene derecho a examinar el expediente social en que se apoya el juez para imponerle una medida dispositiva. Al reconocer que la representación legal del menor tiene un legítimo interés en su rehabilitación, el Tribunal expresó que dicha parte debe tener acceso al expediente. *Kent v. U.S.*, 383 U.S. 541 (1966). Dicho Alto Foro federal determinó que el acceso al expediente está comprendido dentro del derecho que tiene el menor a tener una adecuada representación legal. W. Wadlington, C.H. Whitebread y S.M. Davis, *Cases and Materials on Children in the Legal System*, Nueva York, Ed. Foundation Press, 1983, pág. 444. Así también, en *In re Gault*, 387 U.S. 1 (1967), se reconoció el derecho del menor a una adecuada representación legal en la etapa adjudicativa del procedimiento. A la pág. 36 de la opinión, ese Foro señaló que el menor transgresor necesita la asistencia de abogado al enfrentarse al procedimiento legal en su contra, y para preparar y presentar su defensa adecuadamente.([3])

---

([2]) En *Morales Torres v. Tribunal Superior*, 99 D.P.R. 459 (1970), permitimos la inspección del expediente de un menor ya fallecido. Dicho documento se requirió para ser usado por la defensa del acusado a quien se le imputó el asesinato del menor. Expresamos que "[l]a muerte del menor selló inexorablemente toda posibilidad de rehabilitación", por lo que el examen del expediente no causaría perjuicio alguno a éste. Íd., pág. 464.

Por otro lado, en *Pueblo en interés menor S.G.S.*, 128 D.P.R. 169 (1991), sostuvimos la determinación de un juez de instancia que ordenó la inscripción en el Registro Demográfico de un recién nacido como hijo de un menor que resultó culpable de faltar a su obligación de proveerle alimentos, y resolvimos que el estado filiatorio reviste un alto grado de interés público que supera el interés del menor en que el Director del Registro no advenga en conocimiento del resultado de un procedimiento ante el Tribunal de Menores. En adición, dicho trámite es uno limitado que no expone al menor al odio y desprecio público.

([3]) Aunque el descubrimiento de prueba en los procedimientos de asuntos de menores no se ha elevado a rango constitucional, los tribunales han sostenido que éstos tienen derecho —aunque limitado— a utilizar los mecanismos de descubrimiento de prueba. S.M. Davis, *Rights of Juveniles: The Juvenile Justice System*, 2da

## III

■ En los casos consolidados del epígrafe la situación procesal es gobernada por la Regla 2.10 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, ya que la moción que culmina en la decisión que hoy emitimos *se presentó durante la vista de determinación de causa probable para radicar la querella.* Conforme a la citada Regla 2.10 el propósito de esta vista, en su primera etapa, es constatar si existe un rastro de prueba necesario sobre los elementos esenciales de la falta y su conexión con el menor imputado. El juez que presida la vista de determinación de causa probable informará al menor del contenido de la queja, le advertirá sobre su derecho a no incriminarse, a permanecer en silencio con relación a los hechos imputados, a comunicarse con un abogado y le orientará sobre los derechos constitucionales que le cobijan. *En dicha vista el menor tendrá derecho a estar representado por abogado, a contrainterrogar testigos y presentar prueba a su favor.* Según lee el inciso (c) de la citada Regla 2.10, el Procurador de Menores *"deberá poner a disposición del menor para su inspección las declaraciones juradas de los testigos que hayan declarado en la vista".* (Énfasis suplido.) 34 L.P.R.A. Ap. I-A.

Como hemos visto, durante la celebración de la referida vista, la defensa de los aquí peticionarios solicitó, en ambos casos, que se les facilitara copia de las declaraciones juradas prestadas por los testigos de cargo que habían declarado en ella. Con la oposición del Procurador de Menores, el juez de instancia denegó la petición de la defensa.

■ Parte de los propósitos y objetivos de la Ley de Menores de Puerto Rico es garantizarle al menor, a quien se le imputa una falta, un trato justo, el debido procedi-

ed., Nueva York, Clark Boardman Callagham, 1990, págs. 5–48. Véase, en adición, *District of Columbia v. Jackson*, 261 A.2d 511 (Cir. D.C. 1970).

miento de ley y el reconocimiento de sus derechos constitucionales. *In re Gault,* ante. Como parte de esos derechos constitucionales, el menor goza del *derecho a confrontarse* con los testigos de cargo en los procesos en su contra. Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1; Emda. VI, Const. EE. UU., L.P.R.A., Tomo 1. Como expresáramos en *Pueblo v. Rodríguez Sánchez,* 109 D.P.R. 243, 249 (1979) —y en relación con casos de adultos— el "Art. II, Sec. 11, de nuestra Constitución garantiza el derecho del acusado 'a carearse con los testigos de cargo'. Para que tal confrontación o careo tenga concreción y sentido, *el debido proceso exige que se pongan al alcance del acusado los medios de prueba para impugnar los testigos, atacar su credibilidad y todo recurso análogo encaminado a erradicar la falsedad del juicio y evitar el desvío de la justicia".* (Énfasis suplido y escolio omitido.) Dentro de ese derecho de confrontación y como parte de una adecuada representación legal, constitucionalmente garantizada, corresponde analizar la procedencia de la información solicitada por la representación legal del menor.

La contención del Procurador General se apoya en que el descubrimiento de prueba en casos de menores es uno limitado debido al carácter confidencial del proceso. No cabe duda de que la confidencialidad de los procedimientos de menores es parte integral del objetivo rehabilitador que permea el estatuto, y así lo reconocemos. Ahora bien, este reclamo de confidencialidad debe analizarse dentro de un adecuado balance entre los intereses envueltos. En *Morales Torres v. Tribunal Superior,* ante, advertimos que el interés de la secretividad o confidencialidad del expediente del menor puede, en ocasiones, confligir con otros intereses individuales no menos importantes y legítimos. Allí reconocimos que en estas situaciones de conflicto "es función judicial por excelencia la de establecer un balance razonable entre los intereses opuestos; función ésta dirigida a

promover el orden y estabilidad social mediante la elección acertada de los intereses que deben prevalecer de acuerdo con las circunstancias específicas de cada caso". *Morales Torres v. Tribunal Superior*, ante, pág. 463. En *Pueblo en interés menor S.G.S.*, ante, reiteramos este principio *y resolvimos que cuando la confidencialidad del expediente del menor adviene en conflicto con otros intereses individuales de mayor valía, el primero debe ceder.*

Somos del criterio que el derecho de un menor a confrontarse con los testigos de cargo y a tener una adecuada asistencia de abogado es ciertamente mayor al interés de mantener la confidencialidad o secretividad del expediente de *su* caso. *Davis v. Alaska*, 415 U.S. 308, 315 (1974); *Kent v. U.S.*, ante. En adición, entendemos que nada impide que el menor, por conducto de su representación legal, *renuncie* parcialmente al derecho a la confidencialidad en virtud de lo dispuesto por el Art. 11 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2211.[4]

En este aspecto resultan ilustrativas unas expresiones de la Prof. María Laura Colón, en sus *Comentarios a las Reglas de Procedimiento para Asuntos de Menores*, a los efectos de que:

> La protección de la confidencialidad es un fin laudable. Sin embargo, no debe interponerse para impedir que el propio abogado del menor obtenga copia de documentos que obren en el expediente del procurador, cuando ello sea necesario para la adecuada preparación del caso.
> Al menor le asiste un derecho estatutario a que el Estado proteja la confidencialidad de los procedimientos. Este derecho es, como todos, renunciable .... Sería correcto concluir, por analogía, que aunque el art. 37 de la Ley ordena que, debido a su naturaleza confidencial, no se provean copias de documentos

---

[4] Esta disposición reza:

"No se admitirá la renuncia del menor a cualquier derecho constitucional que le cobije si no están presentes sus padres o encargados y su abogado y sin una determinación del Juez que ésta es libre, inteligente y que el menor conoce las consecuencias de la renuncia. No obstante, la presencia del abogado no será requerida para renunciar al derecho de asistencia de abogado."

legales o sociales para ser sacados del tribunal, el menor tiene facultad para renunciar a esta protección de confidencialidad en el interés de que le sean entregadas copias de estos documentos a su abogado para una preparación adecuada de su defensa. Al menor le asiste un derecho de rango constitucional a presentar una defensa adecuada. M.L. Colón, *Comentarios a las Reglas de Procedimiento para Asuntos de Menores*, 3 (Núm. 1) Forum 11, 25 (1987).

*Resolvemos*, en consecuencia, que fundamentado en el derecho a confrontarse con la prueba de cargo y con el derecho a una adecuada asistencia de abogado, los menores aquí peticionarios tienen *el derecho a obtener copia* de las declaraciones juradas de los testigos que hayan declarado en la vista de determinación de causa probable para radicar la querella.([5]) El tribunal deberá así ordenarlo una vez se cerciore de que la renuncia del menor a la confidencialidad de dichos documentos ha sido expresa, voluntaria e inteligente.([6])

---

([5]) En el contexto de los procedimientos de adultos, la situación es gobernada por las disposiciones de la Regla 23(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, la cual dispone, en lo pertinente, que al "ser requerido para ello el fiscal pondrá a disposición de la persona las declaraciones juradas que tuviere en su poder de los testigos que haya puesto a declarar en la vista" preliminar.

Como es sabido, la vista preliminar que establece la citada Regla 23 es la equivalente de la vista que establece la referida Regla 2.10 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A. Bajo las disposiciones de la citada Regla 23 de Procedimiento Criminal hemos resuelto que el Fiscal tiene la obligación de entregarle a la defensa copia de la declaración jurada prestada por los testigos que han declarado en la mencionada vista preliminar. *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653 (1985).

Es de notar que el lenguaje utilizado por el legislador en la citada Regla 23 de Procedimiento Criminal no es enteramente igual al utilizado en la referida Regla 2.10 de Procedimiento para Asuntos de Menores. No obstante, somos del criterio que se impone igual solución o determinación en los procedimientos de menores; ello como imperativo del debido procedimiento de ley y del derecho a confrontación, garantizado por la Sec. 11 del Art. II de nuestra Constitución, L.P.R.A., Tomo 1, y del derecho a una efectiva y adecuada asistencia de abogado.

([6]) Nótese que es el *propio* menor quien solicita los documentos mediante una renuncia parcial a la confidencialidad del expediente, en aras de preparar adecuadamente su defensa y confrontarse con los testigos de cargo. Ello no significa que el menor esté renunciando, en cuanto a terceros, a la confidencialidad del expediente. Por otro lado, el interés del Estado en mantener la confidencialidad del expediente del menor no queda vulnerado por la entrega de copia de la declaración jurada del testigo al abogado del menor, pues el Canon 21 del Código de Ética Profesional, 4

En el caso específico del menor F.R.G. (CE-88-632) éste argumenta, *en adición*, que "[e]rró el honorable tribunal de instancia al declarar no ha lugar la solicitud hecha por el querellado, a través de su representación legal, solicitando la supresión de evidencia ...". Alega el peticionario que el agente que intervino con él *no tenía motivos fundados* para intervenir con su persona, por lo que el registro fue ilegal y la evidencia ocupada inadmisible.

Se desprende de la transcripción del testimonio del agente Rivera que dicho funcionario se encontraba de ronda preventiva junto a otros agentes en las inmediaciones del terminal de guaguas de Aibonito. Aunque era de noche, el lugar estaba iluminado. A una distancia de unos treinta (30) pies el agente observó al peticionario F.R.G., quien, al percatarse de su presencia, "de manera sospechosa" lanzó al suelo una envoltura la cual, por su entrenamiento, reconoció como una de las que comúnmente son utilizadas para vender marihuana. Teniendo, en su opinión, motivos fundados para creer que se había cometido un delito, procedió a detener al joven y ocupar la evidencia. Luego del análisis químico, dicha sustancia resultó ser marihuana. Habiendo sido contrainterrogado por la defensa, el testigo se reafirmó en lo declarado.

▆▆▆ Un funcionario del orden público podrá aprehender a un menor sin la orden judicial previa, cuando: (1) tenga motivos fundados para creer que el menor ha cometido una falta en su presencia (en este caso, deberá realizar la aprehensión inmediatamente después de la comisión de la falta o dentro de un término razonable); (2) el menor aprehendido hubiese cometido una falta clase II o III aun-

---

L.P.R.A. Ap. IX, le impone al abogado la obligación de no divulgar los secretos o confidencias de su cliente y la de adoptar medidas adecuadas para evitar la divulgación de éstos.

que no en su presencia, o (3) tenga motivos fundados para creer que el menor ha cometido una falta clase II o III independientemente de que dicha falta se haya cometido. Regla 2.4 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A.

■ Sabido es que nuestro ordenamiento protege expresamente a los menores contra registros y allanamientos ilegales e irrazonables. Art. 7 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2207. Conforme a la Regla 6.9 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, el menor afectado por un allanamiento o registro ilegal podrá solicitar del tribunal la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los fundamentos siguientes:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponden a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos de la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es total o parcialmente falso.

(g) Cualquier otra causa que en derecho se reconozca como resultante en la ilegalidad del registro o allanamiento.[7]

El menor peticionario, repetimos, sostiene que la apre-

---

[7] La regla citada recoge lo establecido en la Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. La doctrina interpretativa de esta regla es aplicable a la Regla 6.9 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A. D. Nevares-Muñiz, *Derecho de Menores*, Hato Rey, Ed. Inst. Desarrollo del Derecho, 1987, pág. 80.

hensión fue ilegal por cuanto el agente no tenía motivos fundados para creer que se había cometido una falta. Señala, *además*, que su testimonio es insuficiente de acuerdo con la doctrina del testimonio estereotipado.

En realidad resulta totalmente innecesario dilucidar en el presente caso la siempre difícil controversia de si el agente, a base de los hechos sucintamente señalados con anterioridad, tenía o no "motivos fundados" para aprehender, o arrestar, al menor peticionario F.R.G.; esto es, si la detención o arresto efectuado fue, o no, uno legal. Ello, naturalmente, en vista del hecho que en el presente caso, y en relación con la evidencia en controversia, *no hubo un registro* ya que se trata de un caso en que la evidencia fue "arrojada y abandonada" voluntariamente por el peticionario F.R.G. Como es sabido, este Tribunal ha resuelto en innumerables ocasiones que la garantía constitucional contra allanamientos y registros ilegales *no cubre la incautación de evidencia que es voluntariamente "arrojada o abandonada".* Véanse, a esos efectos: *Pueblo v. Ortiz Martínez*, 116 D.P.R. 139 (1985); *Pueblo v. Llanos Virella*, 97 D.P.R. 95 (1969); *Pueblo v. Arroyo Ramírez*, 96 D.P.R. 576 (1968); *Pueblo v. Saura Gómez*, 90 D.P.R. 801 (1964); *Pueblo v. Colón Colón*, 88 D.P.R. 187 (1963); *Pueblo v. González Charón*, 83 D.P.R. 450 (1961). Resulta procedente señalar que en el presente caso *no* existe prueba de que el peticionario arrojara o abandonara la evidencia como consecuencia de una actuación ilegal o coercitiva de la Policía. *United States v. Beck*, 602 F.2d 726 (5to 1978); *Pueblo v. Ortiz Zayas*, 122 D.P.R. 567 (1988).

Por otro lado, si bien es cierto que la sospecha de la existencia de testimonio estereotipado, en relación con *los casos de evidencia abandonada o lanzada al suelo* como en los casos de acto ilegal a plena vista, debe escudriñarse con especial rigor, *ello no significa que dicho testimonio deba descartarse siempre.* En *Pueblo v. González del Valle*,

102 D.P.R. 374 (1974), reiteramos lo expresado en *Pueblo v. Ayala Ruiz*, 93 D.P.R. 704 (1966), y dijimos que cuando el tribunal tenga ante sí este tipo de testimonio debe rechazarlo *si el mismo es inherentemente irreal o improbable.* La presencia de contradicciones, lagunas o vaguedades en el testimonio debe tender a reforzar el recelo con que hay que evaluar esta clase de declaraciones. También indicamos que el "testimonio estereotipado" puede perder su condición como tal si, yendo más allá de los datos indispensables para probar los requisitos mínimos de un delito, se le rodea de las circunstancias en que funciona el agente, el término de su investigación, los resultados obtenidos fuera del caso en trámite y otros detalles.

De un examen del testimonio del agente que intervino con el menor peticionario F.R.G. concluimos que dicha declaración —*relativa a evidencia abandonada o lanzada al suelo*— realmente no cae dentro de la definición de estereotipada. No se trata aquí de un testimonio inherentemente irreal o improbable. Tampoco constan en el récord contradicciones, lagunas o vaguedades de parte del testigo. En adición, el agente Rivera Rodríguez declaró sobre la composición exacta de la ronda preventiva, identificó a los demás agentes que lo acompañaban, señaló la hora en que ocurrieron los hechos y la forma y manera en que ocurrieron los mismos con precisión y sin titubeo o contradicción alguna. Todo ello nos ofrece suficientes detalles, *en esta etapa preadjudicativa*, que hacen de su testimonio uno que debe ser dilucidado por el juzgador de los hechos en la vista adjudicativa. No existe base, pues, *en estos momentos* para resolver de modo distinto al efectuado por el juez de instancia en la referida etapa preadjudicativa. *Pueblo v. Espinet Pagán*, 112 D.P.R. 531 (1982); *Pueblo v. Pérez Cruz*, 103 D.P.R. 44 (1974). Véase, además, *Pueblo v. Cabán Torres*, 117 D.P.R. 645 (1986).

Resolvemos, en consecuencia, que el segundo error señalado en el Caso CE-88-632 *no* se cometió.

## V

Por los anteriores fundamentos, se dicta sentencia revocatoria de las resoluciones recurridas, mediante las cuales el foro de instancia denegó la entrega de copia de las declaraciones juradas solicitadas por los peticionarios, devolviéndose ambos casos al Tribunal Superior, Sala de Menores, para la continuación de procedimientos ulteriores compatibles con lo aquí resuelto.