EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico en interés del menor P.R.B.  Peticionario | Certiorari  2004 TSPR 170  163 DPR _____ |

Número del Caso: CC-2004-615

Fecha: 4 de noviembre de 2004

Tribunal de Circuito de Apelaciones:

Región Judicial de San Juan

Juez Ponente:

Hon. Rafael Ortiz Carrión

Abogada de la Parte Peticionaria:

Lcda. Carmen Ana Rodríguez Maldonado

Oficina del Procurador General:

Lcda. Luana R. Ramos Carrión
Procuradora General Auxiliar

Materia: Alteración a la Paz y Agresión Simple

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
en interés del menor P.R.B.

CC-2004-615

Peticionario

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 4 de noviembre de 2004.

El menor peticionario nos solicita que revisemos la resolución del Tribunal de Apelaciones que confirma la determinación del Tribunal de Primera Instancia, Sala para Asuntos de Menores de San Juan, de unir al expediente oficial del caso la grabación de los procedimientos durante la vista de determinación de causa probable para presentar querella que hiciera su representante legal.

I

El menor P.R.B fue objeto de quejas al amparo de la Ley de Menores de Puerto Rico[1] por

---

[1] Ley Núm. 88 de 9 de Julio de 1986, según enmendada, 34 L.P.R.A. sec. 2201 *et seq*. (en adelante Ley de Menores).

alteración a la paz y agresión simple. Llegada la fecha señalada para la celebración de la vista de determinación de causa probable y al iniciarse ésta, la representación legal del menor solicitó permiso al tribunal para grabar los procedimientos con su grabadora personal. El tribunal concedió dicho pedido.

Por su parte, la Procuradora de Menores requirió que la referida grabación fuese entregada al tribunal al concluir la vista para que se una al expediente oficial del caso. Sostuvo que los procedimientos de menores son confidenciales y que la Ley de Menores, *supra*, dispone que las grabaciones permanecerán bajo la custodia del tribunal. La representación legal del menor replicó que la Ley de Menores, *supra*, le reconoce facultad al abogado para grabar los procedimientos y limita la custodia del tribunal al "récord oficial del caso". Señaló, además, que el menor y sus padres renunciarían a cualquier reclamo de confidencialidad, de ser necesario para retener la grabación y garantizar una adecuada representación legal.

El tribunal acogió los planteamientos de la Procuradora de Menores y al concluir la vista anejó la referida grabación al expediente del caso. La vista adjudicativa quedó entonces señalada.

Inconforme con esta determinación, la representación legal del menor compareció ante el Tribunal de Apelaciones mediante una solicitud de *certiorari* acompañada de una

moción en auxilio de jurisdicción. Sostuvo que la incautación de la grabación no oficial de los procedimientos tiene el efecto de menoscabar el derecho del menor a una representación legal adecuada. El foro apelativo, en una escueta resolución de página y media, confirmó la determinación del tribunal de instancia al denegar la expedición del auto solicitado y la paralización de los procedimientos. Señaló que el hecho de que el tribunal retuviera la grabación, a pesar de ser un inconveniente, no impedía que la representación legal del menor tuviera acceso a ésta para prepararse para la vista adjudicativa.

De este dictamen se recurrió ante nos en solicitud de *certiorari*. Se presentó, además, una moción en auxilio de jurisdicción. Vista la petición del menor, paralizamos los procedimientos en instancia y emitimos una orden al Procurador General del Estado Libre Asociado de Puerto Rico para que mostrara causa por la cual no debíamos revocar la resolución emitida por el Tribunal de Apelaciones.[2] En cumplimiento con nuestra orden, el Procurador General presentó su posición ante nos.

Vistos los argumentos de las partes, resolvemos.

---

[2] La moción en auxilio de jurisdicción presentada por el menor P.R.B. fue atendida por la primera Sala de Verano de este Tribunal en julio de 2004, compuesta por la entonces Jueza Presidenta señora Naveira Merly, el Juez Asociado señor Fuster Berlingeri y el Juez Ponente en el caso de autos.

II

La Ley de Menores, *supra*, es el estatuto encargado de implantar la jurisdicción de la Sala para Asuntos de Menores del Tribunal de Primera Instancia en todo caso en que se le impute a un menor de dieciocho (18) años haber incurrido en conducta constitutiva de delito según el Código Penal de Puerto Rico[3] y las leyes especiales. 34 L.P.R.A. secs. 2203 y 2204.[4] La misma debe interpretarse de acuerdo a sus propósitos, a saber: (a) proveer cuidado, protección, desarrollo, habilitación y rehabilitación de los menores y proteger el bienestar de la comunidad; (b) proteger el interés público al tratar a los menores como personas necesitadas de supervisión, cuidado y tratamiento, a la vez que se les exige responsabilidad por sus actos; y (c) garantizar a todo menor un trato justo, el debido procedimiento de ley y el reconocimiento de sus derechos constitucionales. 34 L.P.R.A. sec. 2202.

Particularmente en cuanto la grabación de los procedimientos en las Salas para Asuntos de Menores, el Art. 37 inciso (c) de la Ley de Menores, *supra*, dispone que "[l]as alegaciones orales e incidentes de las vistas en los procedimientos ante el Tribunal se tomarán taquigráficamente o mediante grabación en cinta

---

[3] 33 L.P.R.A. sec. 3001 *et seq*.

[4] En estas mismas secciones se señalan, además, ciertas excepciones a la autoridad del tribunal de menores para atender en estos casos.

magnetofónica. **Excepto por la representación legal del menor, no se grabarán privadamente los procedimientos".** 34 L.P.R.A. sec. 2237(c). (Énfasis suplido).

Las Reglas de Procedimientos para Asuntos de Menores, a su vez, instrumentan este mandato estatutario y proveen para la transcripción taquigráfica o grabación de los procedimientos en las Salas para Asuntos de Menores. La disposición pertinente expresa en parte que:

> Los procedimientos ante el Tribunal se tomarán taquigráficamente o mediante grabación en cinta magnetofónica. **No se permitirá otra grabación de los procedimientos, salvo la que puedan llevar a cabo el abogado del menor y el Procurador y <u>únicamente para fines de la adecuada preparación del caso</u>.**

**Las notas taquigráficas y/o la grabación de los procedimientos quedarán bajo la custodia del secretario** y éste no permitirá que se examinen sin previa autorización del Tribunal. Regla 11.1 de Procedimiento para Asuntos de Menores, *supra*. (Énfasis suplido).[5]

La derogada Regla 10.2 de Procedimiento para Asuntos de Menores de 1959, aprobada conforme a Ley Núm. 97 de 23 de junio de 1955,[6] la cual precedió la Regla 11.1 citada, disponía sustancialmente lo mismo que su contraparte vigente. <u>No obstante, no proveía para que las partes</u>

---

[5] No obstante lo dispuesto en esta regla, el Procurador General y el abogado de defensa en el caso de autos nos han informado que en la práctica no se graban o conservan oficialmente los procedimientos durante la vista de determinación de causa.

[6] 34 L.P.R.A. Ap. I, R. 10.2. La Ley 97 de 1955 fue derogada por la hoy vigente Ley de Menores de 1988, *supra*.

grabaran privadamente, con el permiso del tribunal, el audio de los procedimientos.[7]

De igual forma, la versión de la referida Regla 11.1 sobre grabación y transcripción de los procedimientos propuesta en el *Informe del Comité de Justicia Juvenil de la Conferencia Judicial de 1980*[8] expresaba sustantivamente los mismos términos que la regla vigente, con la también excepción notable de que no se incluyó la segunda oración del primer párrafo a los efectos de que **"[n]o se permitirá otra grabación de los procedimientos, salvo la que puedan llevar a cabo el abogado del menor y el Procurador y únicamente para fines de la adecuada preparación del caso".** Esta innovación a las reglas surgió con el Informe del Comité de Justicia Juvenil designado por esta Curia en 1986 para preparar un proyecto de las hoy vigente Reglas de Procedimiento para Asuntos de Menores. María Laura Colón, *Comentarios a las Reglas de Procedimiento para Asuntos de Menores*, Forum, Año 3, Núm. 1, enero-marzo 1987, pág. 11.

---

[7] El texto leía:

Las alegaciones orales e incidentes procesales de las vistas en los procedimientos ante el Tribunal se tomarán taquigráficamente. Las libretas usadas para tomar las notas taquigráficas quedarán bajo la custodia del secretario del Tribunal y éste no permitirá que nadie examine las mismas sin previa autorización del juez. El taquígrafo solo podrá transcribir las notas que haya tomado mediante orden del juez a ese afecto.

[8] *Informe del Comité de Justicia Juvenil de la Conferencia Judicial de 1980*, Secretariado de la Conferencia Judicial del Tribunal Supremo de Puerto Rico, 1980, pág. 34.

Rendido el Informe, el mismo fue adoptado por el Tribunal y posteriormente sometido a la Asamblea Legislativa para su aprobación final.[9] *Id.*

Al aclarar el significado de esta disposición en específico, la Abogada y Profesora María Laura Colón, quien fue miembro del Comité de Justicia Juvenil de 1986 encargado de preparar el proyecto de las reglas, explica que:

> La regla incorpora el mandato del Art. 37(c) de la [Ley de Menores, *supra*,] que requiere que las alegaciones orales e incidentes procesales de las vistas en los procedimientos ante el Tribunal se toman taquigráficamente o mediante grabación. **Autoriza al menor y al procurador a grabar privadamente los procedimientos, para fines de la adecuada preparación del caso**. Es de suponer, del examen del texto, que la grabación privada podrá utilizarse tanto por el procurador como por el menor para ser presentada en evidencia como prueba de impugnación de testimonio.
>
> **Dispone la regla, además, que las notas taquigráficas y la grabación quedarán bajo la custodia del tribunal y no se permitirá su examen sin previa autorización judicial. En cuanto a ese mandato, hay que hacer constar que se refiere a las notas taquigráficas y a la grabación oficial del tribunal y no a la que privadamente lleven a cabo el procurador o el menor**. *Id.*, a la pág. 39.

Estamos de acuerdo con la interpretación que hace la Prof. María Laura Colón sobre la facultad que tienen las partes de grabar privadamente los procedimientos en las Salas para Asuntos de Menores. Del cambio que sufrió el texto propuesto en el *Informe del Comité de Justicia Juvenil de la Conferencia Judicial de 1980* y de la versión

---

[9] Este Informe no incluyó comentarios. *Id.*

derogada de la Regla 10.2 de 1959, para insertar la segunda oración del primer párrafo, se desprende que cuando la regla expresa que "la grabación de los procedimientos quedar[á] bajo la custodia del secretario y éste no permitirá que se examinen sin previa autorización del Tribunal", a lo que se refiere es a la grabación oficial exclusivamente. La regla no se refiere en este sentido a la grabación que tanto el procurador de menores como la representación legal del menor pueden hacer. De no ser así, no tendría sentido que se autorice a ambas partes a grabar privadamente los procedimientos para, de todas formas, anejar su grabación al expediente judicial junto con la grabación oficial.

Por consiguiente, resolvemos que conforme al Art. 37(c) de la Ley de Menores, *supra*, y de la Regla 11.1 de Procedimiento para Asuntos de Menores, *supra*, de ordinario, el menor tiene derecho a grabar en audio los procedimientos durante las vistas en las Salas para Asuntos de Menores y a <u>retener dicha grabación para fines de la preparación del caso</u>.

III

A

Lo anterior, sin embargo, no dispone de la controversia de autos. La solicitud de la Procuradora de Menores ante el foro de instancia para que se aneje al expediente oficial del caso la grabación hecha por la

representación legal del menor estuvo fundamentada en el principio de confidencialidad de los procedimientos y del "expediente judicial".

De otra parte, en su comparecencia ante nos, el Procurador General informa que el requerimiento de la Procuradora de Menores para que el tribunal mantenga bajo su custodia la grabación no oficial hecha por la defensa, respondió a que la madre del menor objeto de la queja había presentado cargos por los mismos hechos contra la testigo de cargo, por lo que le preocupaba que ésta no declarara libre de presión o temor a autoincriminarse, y debido a que se buscaba evitar que dicha grabación se utilizara en el procedimiento criminal posterior contra esta testigo. Se sostiene, además, que la petición de la Procuradora de Menores fue "una medida cautelar" que no estuvo dirigida a evitar que la defensa tuviera acceso a su grabación a los fines de prepararse adecuadamente para la resolución del caso en su fondo.

No obstante, el Procurador General nada argumenta sobre los méritos de la reclamación de la representación legal del menor en cuanto a que la Ley de Menores, *supra*, le reconoce el derecho a grabar y retener el audio de la vista de determinación de causa probable con el fin de prepararse para la vista adjudicativa.

Vistos los argumentos esbozados tanto ante instancia como ante nos a la luz de la Ley para Asuntos de Menores,

*supra*, y de las Reglas para Procedimientos para Asuntos de Menores, *supra*, resolvemos que erraron los foros inferiores al decidir que procedía unir al expediente oficial del caso la grabación que hiciera la representante legal del menor objeto de la presente queja. Veamos.

B

En toda su extensión, la Ley de Menores, *supra*, busca principalmente balancear la responsabilidad del Estado de proveer rehabilitación a los menores incursos en faltas y el reconocimiento de que los menores deben responder por sus actos. Pueblo en interés menor R.G.G., 123 D.P.R. 443 (1989). Es en busca de este balance, y con el fin de promover la rehabilitación y habilitación de los menores, que tanto la Ley de Menores, *supra*, como las Reglas de Procedimientos para Asuntos de Menores,[10] consagran como principio cardinal la confidencialidad de los procedimientos y limitan particularmente el acceso del público a los expedientes y a los procesos judiciales en que los menores son objeto. *Véase*, 34 L.P.R.A. sec. 2237 y 34 L.P.R.A. Ap. I-A Reglas 10.1-10.4 y 13.9.

La confidencialidad de los procedimientos y de los expedientes busca evitar que la divulgación de los pormenores del caso afecten las posibilidades de rehabilitación del menor. *Véase*, Pueblo en interés del menor S.G.S., 128 D.P.R. 169 (1991); Pueblo en interés

---

[10] 34 L.P.R.A. Ap. I-A.

menores A.L.R.G. y F.R.G., 132 D.P.R. 990 (1993); Morales Torres v. Tribunal, 99 D.P.R. 459 (1970). Asimismo, de esa manera se trata de limitar la publicidad del caso para evitar que terceras personas se nieguen a proveer información pertinente sobre el menor por no existir una garantía de anonimato y que se limiten sustancialmente las posibilidades de empleo del menor. *Id.*

Con esos fines, la Regla 10.2 de Procedimiento para Asuntos de Menores, *supra*, dispone que "el expediente judicial será confidencial" y que permanecerá bajo la custodia del secretario(a) del tribunal. Sólo podrá ser examinado por el procurador de menores, por el abogado del menor y por los funcionarios del tribunal en el lugar y hora designados. *Id*. También serán confidenciales los expedientes de menores bajo la custodia del procurador de menores y la Policía de Puerto Rico. Regla 10.4 de Procedimiento para Asuntos de Menores, *supra*. El público no tendrá acceso a los expedientes. Regla 10.3 de Procedimiento para Asuntos de Menores, *supra*. El tribunal posee facultad, además, para adoptar medidas cautelares con el fin de evitar que información perjudicial al bienestar físico o mental del menor "sea divulgada a éste, sus padres, encargados o defensores judiciales". Regla 10.2 de Procedimiento para Asuntos de Menores, *supra; Véase, en general*, D. Nevares-Muñiz, *Derecho de Menores*, 4ta. ed.,

Hato Rey, Inst. Desarrollo del Derecho, Inc., 2000, págs. 83-85.

En cuanto al contenido del "expediente judicial", las Reglas de Procedimiento para Asuntos de Menores, *supra*, proveen que el mismo consta de una parte social y una parte legal. Regla 10.1 de Procedimiento para Asuntos de Menores, *supra*. Se específica que:

> En la parte legal se archivará el original de la querella, el certificado de nacimiento del menor, las citaciones, las resoluciones y órdenes que dicte el Tribunal, las alegaciones y cualesquiera otros escritos o mociones relacionados con el caso, así como todo documento presentado en evidencia, incluyendo los informes de los peritos. En la parte social se archivarán los informes sometidos por el Especialista y Técnico en Relaciones de Familia al Tribunal sobre el estudio social y la supervisión del menor y cualesquiera otros informes de evaluación del menor. *Id*.

C

A pesar de la importancia y trascendencia del principio de confidencialidad que la Ley de Menores, *supra*, y las Reglas de Procedimiento de Asuntos para Menores, *supra*, mandan en todo proceso de quejas o querellas bajo la jurisdicción de las Salas para Asuntos de Menores, el mismo no se extiende a los hechos particulares de este caso. Primero, las grabaciones particulares que hagan las partes en estos procedimientos, con la autorización del tribunal, no forman parte del "expediente judicial", según este término se define en la Regla 10.1 de Procedimiento para Asuntos de Menores, *supra*. **Como vimos, tampoco se ordena**

**por las Reglas, o por la Ley de Menores, *supra*, que dicha grabación quede bajo la custodia del tribunal.**

Segundo, no existe en este caso necesidad para que el tribunal, como medida cautelar, incaute la grabación en cuestión. Como bien expresara la representación legal del menor ante el foro de instancia, se trata de un recurso necesario que le provee la ley al menor para facilitarle una preparación adecuada para la vista adjudicativa. Con ese fin, el menor y sus padres estaban dispuestos a renunciar a cualquier reclamo de confidencialidad de ser necesario. Aún si el foro de instancia entendía que la grabación que hace una parte es confidencial y, por lo tanto, debe conservarse adjunta al expediente judicial, debió denegar la solicitud de la Procuradora de Menores en vista de la disposición del menor y sus padres a renunciar a dicha garantía de confidencialidad.

Al respecto, este Tribunal ha resuelto que un menor tiene facultad para renunciar a la confidencialidad de los procedimientos en el interés de poder examinar documentos legales o sociales contenidos en el "expediente judicial" con el fin de preparar una representación legal adecuada. Pueblo en interés menores A.L.R.G. y F.R.G., *supra*, a la pág. 1002-1003; *citando a* M.L. Colón, *supra*; *además*, *véase*, Pueblo en interés menores A.L.R.G. y F.R.G., *supra*; Pueblo en interés del menor S.G.S., *supra*; Morales Torres v. Tribunal, *supra*; D. Nevares-Muñiz, *supra*, a la pág. 85.

Esta norma es lógicamente aplicable a este caso pues, contrario a los documentos sociales en el expediente judicial, se trata de una solicitud que implica asuntos que son conocidos por el menor y su representante legal y para lo cual la ley le reconoce facultad para grabar y conservar la grabación.

Asimismo, no estamos de acuerdo con el argumento de que la defensa no debe conservar la grabación ante la posibilidad de que ello pudiese causar presión o temor a la testigo de cargo ya que ésta posteriormente sería acusada por los mismos hechos imputados al menor en el caso de autos. Quien podría usar adversamente lo testificado por ésta en un proceso criminal posterior es el ministerio público y éste no tendría la posesión ni el control de la grabación aquí en controversia. La Regla 11.1 de Procedimiento para Asuntos de Menores, *supra*, señala expresamente que el uso de la grabación no oficial por parte de la defensa o del procurador de menor se permite **"<u>únicamente para fines de la adecuada preparación del caso</u>"**.

En todo caso, no podemos sostener la posibilidad especulativa de que un testigo adulto pueda afectarse por lo declarado dentro de un procedimiento de menores en un proceso criminal posterior en su contra, frente a las protecciones y salvaguardas que la Ley de Menores, *supra*,

le reconoce a los menores. De ser ese el caso, la testigo tiene disponible la garantía constitucional contra la autoincriminación.

No podemos tomar tan livianamente las protecciones, derechos y facultades que la Asamblea Legislativa le reconoce a los menores que son objeto de quejas y querellas. Estamos ante el reclamo de una medida estatutaria que le reconoce al menor la facultad de grabar electrónicamente la vista y retener dicha grabación y no es el tribunal el que debe variar ese juicio valorativo en ausencia de otros intereses en conflicto. Esta es la interpretación cónsona con el propósito de la Ley de Menores, *supra*, referente a que la misma busca, entre otras cosas, "garantizar a todo menor un trato justo, el debido procedimiento de ley y el reconocimiento de sus derechos constitucionales". 34 L.P.R.A. sec. 2202.

IV

En vista de todo lo anterior, se expide el auto de *certiorari* solicitado, se revoca la resolución del Tribunal de Apelaciones que confirma la determinación del Tribunal de Primera Instancia de incautar la grabación que hiciera la representación legal del menor en el caso de autos y se le ordena a dicho foro devolver la misma. Por lo tanto, se

remite el caso al foro de instancia para la continuación de los procedimientos de forma consistente con lo aquí resuelto.


FEDERICO HERNÁNDEZ DENTON
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
en interés del menor P.R.B.

                              CC-2004-615

Peticionario

SENTENCIA

San Juan, Puerto Rico, a 4 de noviembre de 2004.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se expide el auto de *certiorari* solicitado, se revoca la resolución del Tribunal de Apelaciones que confirma la determinación del Tribunal de Primera Instancia de incautar la grabación que hiciera la representación legal del menor en el caso de autos y se le ordena a dicho foro devolver la misma. Se remite el caso al foro de instancia para la continuación de los procedimientos de forma consistente con lo aquí resuelto.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre sin opinión escrita.

                    Patricia Otón Olivieri
                 Secretaria del Tribunal Supremo