EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico en interés del menor A.L.G.V. | Certiorari<br><br>2007 TSPR 85<br><br>170 DPR \_\_\_\_ |
|---|---|

Número del Caso: CC-2004-819

Fecha: 8 de mayo de 2007

Tribunal de Apelaciones:

        Región Judicial de Ponce

Juez Ponente:

        Hon. José M. Aponte Jiménez

Oficina del Procurador General:

        Lcda. Maite D. Oronoz Rodríguez
        Sub-procuradora General

Abogado de la Parte Peticionaria:

        Lcdo. Luis Angel Burgos Colón

Materia: Art. 168 Código Penal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico en

interés del menor A.L.G.V.                    CC-2004-819


Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez


San Juan, Puerto Rico, a 8 de mayo de 2007

En esta ocasión debemos resolver si luego de la determinación de causa probable para presentar querella en un procedimiento instado bajo la Ley de Menores de Puerto Rico, el Procurador de Menores viene obligado a descubrir, una vez se le solicita, las notas tomadas por el agente investigador quien testificara en dicha vista. Resolvemos en la afirmativa.

## I.

Al menor A.L.G.V. se le imputó la falta grave de infracción al Artículo 168 del Código Penal de 1974, por transportar o cargar un bien a sabiendas de que

fue obtenido de forma ilícita. El 13 de abril de 2004, se celebró la vista de determinación de causa probable en la cual testificaron el señor Monserrate Torres parte perjudicada en este caso y el agente Edgar Irizarry. Este último realizó la investigación en este caso y basó su testimonio precisamente en esa investigación. El Agente Irizarry no prestó declaración jurada en relación a estos hechos, ni la Policía de Puerto Rico preparó un informe sobre lo acontecido. El Tribunal de Primera Instancia determinó causa probable para presentar la querella.

Posteriormente, el menor presentó ante el Tribunal de Primera Instancia una moción de descubrimiento de prueba al amparo de la Regla 6.4 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A R. 6.4. En la misma solicitó de la Procuradora de Menores, entre otras cosas, el descubrimiento de las notas preparadas por los agentes investigadores o la Policía de Puerto Rico relacionadas con la investigación del caso, para preparar su defensa.

El tribunal de instancia ordenó el descubrimiento de toda información pertinente excepto aquella que no fuera susceptible de descubrimiento según la Regla 10.4 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A R. 10.4.[1] La Procuradora de Menores dio cumplimiento a la orden del tribunal y mediante moción, informó que había entregado a

---

[1] Esta regla se refiere a los expedientes de menores en poder del Procurador y de la Policía, los cuales son confidenciales. Regla 10.4 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A R. 10.4.

la representación legal del menor las advertencias firmadas por éste así como permitió el acceso a aquellos documentos susceptibles de descubrimiento. Advirtió que no se entregaron las notas del agente investigador por entender que las mismas no estaban sujetas a descubrimiento.

Así las cosas, el Tribunal de Primera Instancia le concedió a las partes un término para expresarse sobre la procedencia del descubrimiento de las notas del agente investigador. Como era de esperarse, el menor favoreció la entrega de las mismas mientras la Procuradora de Menores se opuso. En su escrito, el menor indicó que tenía un derecho a preparar adecuadamente su defensa y que como parte de esa garantía se le ha reconocido el derecho a obtener toda evidencia que le pudiera favorecer. Añadió que todo material relacionado con la investigación del caso era necesario para esa preparación y sólo el llamado producto del trabajo del Ministerio Fiscal está exento de ser descubierto. A raíz de lo anterior, solicitó que se le ordenara a la Procuradora descubrir las notas solicitadas.

Por su parte, la Procuradora de Menores señaló en su comparecencia que el derecho a descubrimiento de prueba bajo la Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 95, no es absoluto. Invocando *Pueblo v. Morales*, 118 D.P.R. 155, 162 (1986), arguyó que sólo se puede permitir el descubrimiento de las notas del agente investigador en aquellas situaciones en que el imputado ha demostrado y

fundamentado el hecho de que la información requerida resulta ser material, pertinente y necesaria para su defensa.

El 8 de julio de 2004 el Tribunal de Primera Instancia dictó una resolución en la que declaró sin lugar la solicitud de la defensa. Luego de aplicar por analogía la jurisprudencia interpretativa de la Regla 95 de Procedimiento Criminal, dicho foro concluyó que no procedía bajo la Regla 6.4 de Procedimiento para Asuntos de Menores, la petición de descubrimiento del menor. Explicó que la Regla 95 de Procedimiento Criminal no dispone que las notas del agente investigador son material sujeto a ser descubierto. Por consiguiente, conforme lo resuelto en *Pueblo v. Rodríguez Sánchez,* 109 D.P.R. 243, 249 (1979), para que procediera su descubrimiento, la defensa debió hacer una demostración *prima facie* de carácter convincente, sobre la materialidad de la evidencia que solicitaba. El tribunal resolvió que ante la ausencia de tal demostración, no procedía la solicitud hecha.

De dicha determinación el menor acudió ante el Tribunal de Apelaciones. Arguyó que el Tribunal de Primera Instancia debió basar su análisis en lo establecido en la Regla 6.4 y no en la Regla 95; pero aun así, y tomando en consideración la jurisprudencia interpretativa sobre la Regla 95, adujo que el tribunal llegó a una conclusión errónea. Señaló que la pertinencia de la evidencia solicitada quedó establecida por el hecho de que el agente basó su testimonio en corte en la investigación realizada de los hechos de este caso, y las notas tomadas durante el transcurso de su investigación son

la mejor evidencia del contenido de dicha investigación. Adujo además, que la negativa del foro primario infringe el derecho constitucional del menor a confrontarse con los testigos de cargo en los procesos en su contra. Explicó que según *Pueblo v. Rodríguez Sánchez*, *supra*, pág. 249, para que tal confrontación tenga concreción y sentido, el debido proceso de ley exige que se ponga al alcance del acusado los medios de prueba para impugnar los testigos de cargo.

Por otra parte, el menor alegó que la Regla 95, no excluía las notas del agente investigador del descubrimiento de prueba. Solamente el producto del trabajo del fiscal, conocido en inglés como "work product", queda expresamente excluido del material sujeto a descubrimiento al amparo de la Regla 95 de Procedimiento Criminal. Cualquier otro material o información bajo el control del Ministerio Fiscal, relevante para preparar adecuadamente la defensa, debe ser descubierto. Ello así, salvo que se demuestre que de concederse lo solicitado se pondría en riesgo la seguridad de alguna persona o se violaría el carácter privilegiado o confidencial de la información. Finalmente, el menor indicó que toda vez que la Procuradora no hizo tal demostración, procedía ordenar el descubrimiento de las notas del agente investigador.

El Tribunal de Apelaciones determinó que la Regla 6.4 de Procedimiento de Asuntos de Menores no obligaba al Procurador a suplir a un menor querellado las notas tomadas por los agentes que investigaron el caso. Por lo tanto, conforme

*Pueblo v. Rodríguez Sánchez, supra,* pág. 249, era necesario que el menor hiciese una demostración sobre la relevancia y pertinencia de dichas notas a la defensa del menor. En ausencia de tal demostración, como ocurría en el caso, no procedía la petición de descubrimiento. El foro apelativo intermedio procedió así a denegar el auto solicitado y para todos los efectos confirmó la sentencia del foro primario.

Inconforme, el menor acudió ante nosotros y alegó, sustancialmente, lo mismo que había levantado ante los foros inferiores. El 1ero. de noviembre de 2004 expedimos el auto solicitado. Contando con las comparecencias de ambas partes, procedemos a resolver.

## II.

Al atender la controversia que se nos plantea en este caso es conveniente repasar someramente el desarrollo histórico del procedimiento de menores, de suerte que podamos ubicar en ese devenir la petición de descubrimiento que hace el menor en esa ocasión. Veamos entonces.

Los menores son una figura jurídica que necesita tratamiento especial. D. Nevares Muñiz, *Derecho de Menores, Delincuente Juvenil y Menor Maltratado*, cuarta edición, Hato Rey, Puerto Rico, Instituto para el Desarrollo del Derecho, 2000, pág. 3. El menor es una persona que no ha alcanzado su pleno desarrollo por lo que, al no haber adquirido plena madurez mental, no está sujeto a responder penalmente. *Pueblo v. Suárez Alers*, res. 11 de mayo de 2006, 167 D.P.R. ___, 2006 T.S.P.R. 83; *Pueblo en Interés Menores A.L.R.G. y*

*F.R.G.*, 132 D.P.R. 990, 997 (1993). Véase, Nevares Muñiz, *op. cit*, págs. 6-7.

Esta visión sobre la responsabilidad penal de los menores se manifestó desde muy temprano en nuestra jurisdicción. Así, el Código Penal de Puerto Rico de 1902 disponía que los niños menores de siete años no tenían la capacidad para cometer crímenes. Los niños entre las edades de siete y catorce años, de ordinario, se consideraban incapaces de cometer crímenes a menos que se estableciera, mediante prueba plena, que al momento de cometer el acto criminal tenían conciencia de su maldad.[2]

En 1915 se aprobó la Ley de Cortes Juveniles, Ley Núm. 37 de 11 de marzo de 1915. Mediante esta ley se excluyó a los menores de las cortes criminales para adultos y se estableció un procedimiento especial para el tratamiento de éstos. Nevares Muñiz, *op. cit.,* pág. 4. Posteriormente, se aprobó la Ley Núm. 97 de 1955, en la cual se erradicó la caracterización de "criminal" de los procedimientos de menores y se instituyó una filosofía proteccionista y rehabilitadora para estos casos. Esta visión, sin embargo, tuvo el efecto de privar a los menores de un sinnúmero de garantías procesales básicas. H. Quiñónez, *La Reforma del Sistema de Justicia Juvenil en Puerto Rico*, 48 Rev. Colegio de Abogados 79, 82 (1987). La privación de estas garantías

---

[2] A esos efectos confróntese el Artículo 39 del Código Penal de Puerto Rico de 1902. Véase también, J. L. Morán, *Sistema de Justicia Juvenil, Exclusión de Jurisdicción, Renuncia de Jurisdicción,* 49 Rev. Colegio de Abogados, núm. 2, 105, 108 (1988).

se justificaba ante el hecho de que el procedimiento se iniciaba en el interés del menor por lo que no se requería la protección de derechos constitucionales. *Id*. Véase, *Pueblo en interés del menor R.G.G.,* 123 D.P.R. 443, 458-459 (1989); *Pueblo en interés del menor G.R.S.,* 149 D.P.R. 1, 12 (1999).

Finalmente, en 1986 se aprobó la Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986, 34 L.P.R.A. secs. 2201 *et seq*. Estatuto éste, que en la actualidad regula los procedimientos de menores cuando éstos han incurrido en alguna conducta que, de ser cometida por un adulto, constituiría un delito según el Código Penal de Puerto Rico y otras leyes especiales. *Pueblo en interés menores A.L.R.G. y F.R.G., supra*, págs. 995-996; *Pueblo en interés del Menor G.R.S., supra*, pág. 10; *Pueblo en interés del menor P.R.B.*, res. 4 noviembre de 2004, 163 D.P.R. ___, 2004 T.S.P.R. 170.

La Ley de Menores de 1986 propuso como marco filosófico para el sistema juvenil un enfoque ecléctico el cual, sin rechazar la función rehabilitadora del proceso, le exige al menor ofensor responsabilidad por sus actos. Exposición de Motivos de la Ley Núm. 88 de 9 de julio de 1986. Véase, *Pueblo v. Suárez Alers, supra; Pueblo en interés del menor P.R.B., supra; Pueblo en interés del menor G.R.S., supra*, pág. 11; *Pueblo en interés del menor R.H.M.*, 126 D.P.R. 404, 409-410 (1989). Véase además, *Informe del Comité de Justicia Juvenil de la Conferencia Judicial de 1980*, Secretariado de la Conferencia Judicial del Tribunal Supremo de Puerto Rico,

1980, pág. 14. De ahí, que la Ley de Menores deba interpretarse de acuerdo a los propósitos establecidos en su Artículo 2, a saber: (a) proveer cuidado, protección, desarrollo, habilitación y rehabilitación de los menores y proteger el bienestar de la comunidad; (b) proteger el interés público al tratar a los menores como personas necesitadas de supervisión, cuidado y tratamiento, a la vez que se les exige responsabilidad por sus actos; y (c) garantizar a todo menor un trato justo, el debido procedimiento de ley y el reconocimiento de sus derechos constitucionales. Artículo 2 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2202. Véase, *Pueblo en interés del menor P.R.B.*, *supra*; *Pueblo en interés menores A.L.R.G. y F.R.G.*, *supra*, págs. 996-997.

Dada la naturaleza especial de los procesos de menores y los diferentes propósitos que los mismos persiguen, éstos se consideran procesos de carácter civil *sui generis* y no de naturaleza criminal. *Pueblo v. Suárez Alers*, *supra.* Antes bien, aun cuando los procesos de menores son considerados procedimientos civiles *sui generis,* los mismos conllevan el riesgo de privación de libertad. *Pueblo en interés del menor G.R.S.*, *supra*, pág. 13. Ello, sumado a los matices de carácter punitivo que ha ido adquiriendo el proceso, ha resultado en el paulatino reconocimiento de mayores salvaguardas procesales en estos procesos similares a las que rigen en el procesamiento criminal. *Pueblo en Interés del Menor G.R.S.,* *supra*, pág. 11-12. Véase además, *Informe del*

*Comité de Justicia Juvenil de la Conferencia Judicial de 1980, supra,* pág. 17. Reiteradamente hemos señalado que el menor puede reclamar aquellas garantías constitucionales que le aseguren un trato justo y un debido procedimiento de ley. *Pueblo en Interés del Menor G.R.S., supra,* pág. 11.

Así, en *Pueblo en interés de los menores A.L.R.G. y F.R.G., supra,* reconocimos que un menor tiene derecho a obtener copia de las declaraciones juradas de los testigos que hayan declarado en la vista de determinación de causa probable para presentar querella, como secuela del derecho a confrontarse con la prueba de cargo y el derecho a una adecuada representación legal; en *Pueblo en interés del menor R.H.M., supra,* reconocimos que la garantía constitucional contra la auto incriminación aplicaba a los procesos de menores; en *Pueblo en interés del menor N.R.O.,* 136 D.P.R. 949 (1994), aplicamos la regla de exclusión a los proceso de menores; y, en *Pueblo en interés del menor R.G.G., supra,* resolvimos que los menores son acreedores del derecho a un juicio rápido.

Con ello de trasfondo, veamos en algún detalle el proceso de descubrimiento de prueba bajo la Ley de Menores y su reglamentación.

### III

### A

Las Reglas de Procedimiento para Asuntos de Menores como sabemos, regulan el descubrimiento de prueba en los procesos

de menores.  Las mismas pretenden salvaguardar los derechos del menor e instrumentar el ejercicio de los mismos.[3]

Al evaluar el alcance del descubrimiento de prueba para asuntos de menores que debía adoptarse en Puerto Rico, se consideró el proceso existente en casos de naturaleza civil como penal, adoptándose uno de carácter propio, aunque con grandes similitudes al proceso penal de adultos.  Ello, principalmente, ante la preocupación que suponía concederle al Procurador vastos poderes para descubrir información frente al menor, lo que podría conllevar el riesgo de afectar el derecho de éste a no auto incriminarse.  Véase, *Informe del Comité de Justicia Juvenil de la Conferencia Judicial de 1980, supra*, pág. 169.  La naturaleza del procedimiento adoptado en caso de menores es más riguroso en lo que se refiere al alcance del descubrimiento del Procurador frente al menor, que respecto el descubrimiento de prueba a favor del menor.  Claro está, el menor tiene que informar al Procurador si va a utilizar las defensas de incapacidad mental o coartada.  *E.g.*, Regla. 6.5 de las Reglas de Procedimiento Para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, R, 6.5.

El descubrimiento de prueba en casos de menores se establece con el propósito de eliminar el elemento sorpresa en estos procedimientos así como para agilizar los mismos

---

[3] La Regla 6.4 de Procedimiento Para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, R. 6.4., es similar a la antigua Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R.95.  Sin embargo, la Regla 95 ha sido objeto de enmiendas que no se incorporaron al texto de la Regla 6.4. *Véase,* Ley Núm. 58 del 1 de julio de 1988.

dando cumplimiento al debido proceso de ley. *Informe del Comité de Justicia Juvenil de la Conferencia Judicial de 1980*, *supra*, pág. 167. La reglamentación establecida va dirigida a que el representante del menor pueda tener acceso a toda aquella evidencia que pueda ser de utilidad para la adecuada representación de su cliente. Véase, *Informe del Comité de Justicia Juvenil de la Conferencia Judicial de 1980*, *supra*, pág. 239.

Si bien es cierto que hemos indicado en el pasado que en virtud de la confidencialidad que revisten los procedimientos de menores, el derecho a descubrimiento del menor se atenúa, hemos advertido que uno y otro interés pueden confligir y cuando ello ocurra, deberá prevalecer el interés de mayor valía. Véase, *Pueblo en interés menor S.G.S.,* 128 D.P.R. 169, 175 (1991); *Pueblo en interés menores A.L.R.G y F.R.G., supra*, pág. 1002.

En el caso de autos, la petición de descubrimiento se hizo a tenor con la Regla 6.4 de Procedimiento para Asuntos de Menores, la cual regula el descubrimiento antes de la vista adjudicativa. La regla dispone lo siguiente:

> Previa moción sometida luego de presentada la querella, el Tribunal podrá ordenar al Procurador que produzca, para ser inspeccionados por la representación legal del menor, determinados objetos, libros, documentos y **papeles** que no sean declaraciones juradas, con excepción de la declaración del propio menor, que se hubiesen obtenido del menor **o de otras personas** mediante orden judicial o de otro modo, y que **pudiesen ser necesarios para la preparación de la defensa del menor**, independientemente de que el Procurador se proponga ofrecerlos en evidencia o de que los mismos sean inadmisibles en evidencia. La orden especificará el tiempo, lugar y la manera de hacer

la inspección y podrá prescribir los términos y condiciones que estime justos.

El Procurador pondrá a la disposición de la representación legal del menor, para su inspección, **cualquier** material o información pertinente demostrativa de la inocencia del menor.

El Tribunal podrá denegar total o parcialmente el descubrimiento de la información específicamente solicitada o limitar y establecer condiciones para el descubrimiento, cuando se demuestre que el conceder lo solicitado pondría en riesgo la seguridad de alguna persona, o violaría el carácter privilegiado o confidencial de cualquier comunicación. (Énfasis nuestro)

Advertimos de inmediato el carácter genérico y amplio del texto de la regla. Se dispone en ésta que se puede producir toda aquella información o comunicación, en forma de papeles o documentos entre otros, que pueda ser necesario para la defensa del menor. Se incluye sólo una salvedad, que lo solicitado no ponga en riesgo a alguna persona o infrinja el carácter privilegiado o confidencial de la comunicación. Además, y como era de esperarse, la regla ordena al Procurador a producir toda información en su poder de carácter exculpatorio. El criterio establecido en la regla, a los efectos de que se puede producir toda información que **"pueda ser necesaria"** para la preparación del menor, describe un estándar por demás elástico y flexible. Es tomando todo lo anterior en cuenta, que debemos evaluar la solicitud en este caso.

**B**

En el pasado y como ya habíamos indicado, al interpretar y aplicar la Regla 6.4 reconocimos que los menores tienen derecho a obtener las declaraciones juradas de los testigos

que declaren en la vista para la determinación de causa probable para presentar la querella, según establecido en la Regla 2.10 de Procedimiento para Asuntos de Menores. *Pueblo en interés menores A.L.R.G. y F.R.G., supra*, pág. 1003. Señalamos en ese momento que ello es corolario del derecho a confrontarse con la prueba de cargo y el derecho de asistencia de abogado. En otro contexto, hemos apuntado que estos dos derechos están íntimamente relacionados el uno con el otro, al punto de que, en gran medida, "el uno depende del otro." *Pueblo v. Moreno González*, 115 D.P.R. 298, 304 (1984). También hemos reconocido que el menor tiene derecho a una notificación adecuada y por consiguiente, a que se le entregue una copia del proyecto de querella luego de la vista de aprehensión. *Pueblo en interés del menor E.R.C.*, 149 D.P.R. 804, 814-815 (1999). Ello también como parte de su derecho a tener una defensa adecuada.

Al referirnos a una adecuada asistencia legal incluimos entre otras cosas, a la eficaz utilización del mecanismo de contra interrogatorio de los testigos de cargo. Lo que supone impugnar su credibilidad a través sus manifestaciones anteriores o por las contradicciones en que incurran. Por lo tanto, aquellas declaraciones o escritos de los testigos de cargo que se refieran a asuntos sobre los cuales testificaron en la vista de determinación de causa probable y que consten en poder del Estado o que sea responsabilidad del Estado producir, deben ser descubiertas cuando se soliciten, toda

vez que podrán ser utilizado entre otras cosas, para impugnar dicho testimonio en la vista adjudicativa.

Cabe destacar de otra parte, que si de las notas del agente investigador se desprendiera alguna información que tienda a demostrar la inocencia del menor, el Procurador estaría en la obligación de descubrirlas a la defensa sin mediar ningún requerimiento. La Regla 6.4, claramente establece que cualquier material o información al respecto tiene que ser descubierto.

Ahora bien, somos del criterio que aun cuando el material contenido en las notas no sea información demostrativa de la inocencia del menor, el conocimiento de lo allí expuesto es de beneficio para que la defensa se prepare adecuadamente. En estas notas se recogen las primeras observaciones de la investigación del caso. Las mismas resumen con candor, las observaciones y averiguaciones que hace el agente cuando conduce una investigación. Estas representan las primeras impresiones de lo observado.[4] Lo que hace necesario su entrega, una vez se solicite su descubrimiento.

Por otro lado, y como ya advertimos, el lenguaje utilizado por la Regla 6.4, para describir el material que es descubrible por el menor imputado es uno genérico y amplio. La regla utiliza palabras como: objetos, libros, documentos y papeles. Estas son palabras generales o comunes que abarcan

---

[4] Si de las notas del agente se desprende información de carácter confidencial o privilegiada, o que revele técnicas de investigación, **no procede el descubrimiento de dicha información**.

todo lo que puede constituir material evidenciario. Ciertamente, la regla no establece una enumeración pormenorizada y taxativa de lo que puede o no puede ser descubierto. Además, el estándar enunciado en la regla para la procedencia de una solicitud, a saber: que lo solicitado **"pudiesen ser necesarios para la preparación de la defensa del menor,"** es del todo punto abarcador.[5]

La palabra documentos tiende a describir generalmente escritos oficiales, legales o históricos. Véase, *Diccionario de la Lengua Española*, Real Academia Española, vigésima segunda edición, 2001. Por otro lado, la palabra "papel" tiene un significado aun más amplio. *Id.* Por lo tanto, somos del criterio que al incluir la palabra "papeles" en la enumeración del material sujeto a ser descubierto, se pretendió extender el descubrimiento más allá de lo que pudiera constituir documentación oficial. El lenguaje utilizado no permite una interpretación restrictiva del material a producir.

Recapitulando, a la luz de los hechos del caso de autos, del propio texto de la Regla 6.4 y en atención al derecho que le asiste al menor ofensor a una adecuada representación legal, somos del criterio que procede el descubrimiento de las notas del agente investigador. Éste testificó en la

---

[5] Ello no quiere decir claro está, que el menor puede valerse de este lenguaje para comenzar una expedición indiscriminada de los expedientes, papeles y documentos en poder del Estado. Es decir, lo que hemos denominado una expedición de pesca. Esto lo hemos rechazado en el pasado como lo hacemos ahora. En este caso, sin embargo, por las razones que se discuten en la Opinión, la solicitud hecha por la defensa del menor no constituye una correría de esa naturaleza.

vista de determinación de causa para presentar querella y a base de su testimonio, entre otros, se determinó causa. Además, conforme informa el menor, el agente no prestó declaración jurada sobre los hechos, ni existe un informe de la Policía sobre los mismos. Ello es cónsono con los objetivos y propósitos de la Ley de Menores, pues adelanta la búsqueda de la verdad proveyendo así para la protección, el bienestar y la rehabilitación del menor.

De otra parte, y utilizando por analogía la Regla 95 de las Reglas de Procedimiento Criminal, llegamos a igual resultado. Recientemente, *Pueblo v. Pillot Rentas*, res. 20 de diciembre de 2006, 169 D.P.R. ___ (2006), 2006 T.S.P.R. 189, indicamos que "las notas de la investigación que realiz[a] el agente … constituyen material sujeto a ser descubierto bajo la … Regla 95 de Procedimiento Criminal." Estas expresiones avalan la conclusión a la cual llegamos hoy.

**IV.**

En el caso ante nuestra consideración, luego de la vista de determinación de causa probable para presentar la querella, el abogado del menor específicamente solicitó el descubrimiento de las notas del agente investigador, según lo dispone la Regla 6.4 de Procedimiento para Asuntos de Menores, invocando su derecho a preparar su defensa adecuadamente. Las notas del agente investigador constituyen documentos o papeles que pudiesen ser necesarios para la preparación de la defensa, por lo que están sujetas a

descubrimiento a favor de la defensa al amparo de la Regla 6.4 de Procedimiento para Asuntos de Menores. En vista de que la Procuradora no ha demostrado que el conceder lo solicitado pondría en riesgo la seguridad de alguna persona, o violaría el carácter privilegiado o confidencial de cualquier comunicación, procede el descubrimiento de las mismas.

En su consecuencia, procede revocar la determinación de los foros inferiores y devolver el caso al Tribunal de Primera Instancia, Sala Superior de Ponce, Sección de Menores, para que se continúen los procedimientos conforme a lo aquí resuelto.

Se dictará sentencia de conformidad.


                                    Anabelle Rodríguez Rodríguez
                                          Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico en

                                    CC-2004-819
interés del menor A.L.G.V.




                          SENTENCIA

          San Juan, Puerto Rico, a 8 de mayo de 2007

                Por los fundamentos expresados en la
          Opinión que antecede, los cuales se incorporan
          íntegramente a la presente, se dicta sentencia
          revocando la determinación de los foros
          inferiores y devolvemos el caso al Tribunal de
          Primera Instancia, Sala Superior de Ponce,
          Sección de Menores, para que se continúen los
          procedimientos conforme a lo aquí resuelto.

                Así lo pronunció, manda el Tribunal y
          certifica la Secretaria del Tribunal Supremo.



                          Aida Ileana Oquendo Graulau
                          Secretaria del Tribunal Supremo