TEXTO COMPLETO DE LA SENTENCIA
El 29 de julio de 2009, recurrió el Procurador General en representación del Pueblo de Puerto Rico (Peticionario) con el interés de que revocáramos la Resolución que el 29 de junio de 2009, dictó el Tribunal de Primera Instancia de San Juan, Sala de Menores (TPI). En dicha Resolución, el TPI reconsideró y dejó sin efecto su previo dictamen de revocación de libertad a prueba del menor identificado como VACS (VACS o Recurrido), ordenó que el menor permaneciera en la custodia de su madrastra y que recibiera tratamiento en Hogar Crea. También señaló el TPI vista de ajuste para el 18 de agosto del presente.
No conteste con la determinación del Tribunal de Menores, el Procurador compareció ante nos para solicitar -que revisáramos dicha determinación.
Mediante Resolución del 17 de agosto del presente, ordenamos al Recurrido mostrar causa de porqué no debíamos expedir y revocar. De igual modo, autorizamos la regrabación de los procesos y la presentación de algún medio de reproducción de prueba.
A la vista de ajuste celebrada el 18 de agosto del presente, comparecieron el menor con su madrastra, el Procurador de Menores, una Supervisora de Trabajo Social y un representante de Hogar Crea. Según la Resolución que dictó el TPI el mismo día de la vista, la Supervisora informó que. el menor hacía esfuerzos para beneficiarse del tratamiento, tenia- buen ajuste, demostraba interés y había modificado su conducta. No obstante, al ser cuestionada por el Procurador, la Supervisora admitió que en el expediente no surge que se hubieran llevado a cabo pruebas de detección de sustancias controladas. El Tribunal ordenó que el Recurrido continuará en libertad a prueba en Hogar Crea, que se realizaran pruebas toxicológicas sorpresas, y señaló vista de revisión para el 17 de noviembre próximo.
El 2 de septiembre, el Peticionario presentó un proyecto de exposición narrativa de la prueba acompañado de un disco *628 compacto que contiene la grabación de la vista sobre revocación de libertad a prueba. Acogimos lo presentado para resolver, y le concedimos prórroga al Recurrido para que mostrara causa según previamente ordenado.
El Recurrido compareció mediante escrito en oposición a certiorari, el reciente 18 de septiembre.
Así perfeccionado el recurso, procedemos a resolverlo. Al tenor de los fundamentos que a continuación trazamos, expedimos el auto de certiorari y revocamos la recurrida Resolución del TPI.
I
A continuación visitamos los hechos pertinentes.
A raíz de dos faltas cometidas durante el 2007 por VACS (violación a la Ley de Armas y al Código Penal, escalamiento agravado), el Tribunal de Menores le impuso dos medidas dispositivas de 36 meses cada una, a cumplirse concurrentemente, pero en libertad a prueba. La condición de la referida medida era que el Recurrido recibiera tratamiento de rehabilitación.
Al comienzo de su tratamiento, el Recurrido recibió servicios de ASSMCA (Administración de Servicios de Salud Mental y Contra la Adicción). No obstante, el 15 y 28 de mayo de 2008, el menor registró positivo a cocaína y tuvo asistencia irregular a su tratamiento.
En consecuencia de lo anterior, el 26 de junio de 2008, se le sustituyó el tratamiento ambulatorio por uno residencial, por lo que se le ingresó a Hogar Crea (Hogar).
El 15 de septiembre de 2008, el Sr. Reyes, Supervisor de Hogar Crea, rindió un informe en el que consignó, entre otras cosas, que VACS había abandonado el tratamiento así como el Hogar, y se intentó conseguir a través de su madre, sin éxito. A los tres día de desaparecido, reingresó. Véase Anejo II.
En vista de que el Recurrido no estaba cumpliendo con las condiciones impuestas y había abandonado el Hogar en 2 ocasiones, el 18 y 19 de septiembre de 2008, la Trabajadora Social, la Supervisora y la Supervisora Auxiliar de la Unidad Social de Menores y Familia, recomendaron la detención del Recurrido y la revocación de su libertada a prueba. Véase Anejos V y VI.
De conformidad, el siguiente 23 de septiembre, el Procurador de Menores solicitó al TPI que le revocara el privilegio al Recurrido. Véase Anejo VII. El TPI señaló la vista para el 29 de junio de 2009.
Según surge de la Exposición Narrativa de la Prueba (ENP) a la vista de revocación de libertad a prueba, comparecieron el menor con su madrastra y representado por su abogada, así como el Ministerio Público por conducto de la Procuradora de Menores.
La Trabajadora Social testificó que el menor de 19 años extinguía una medida dispositiva de 36 meses en libertad a prueba impuesta el 1 de octubre de 2007. Informó que el menor violó las condiciones de su medida de la siguiente forma: luego de recibir servicios ambulatorios en ASSMCA, se ausentó varias veces, entre diciembre de 2007 y abril de 2008. En tres ocasiones dio positivo al uso de cocaína (24 de abril, y 15 y 28 de mayo de 2008). Luego del primer resultado positivo, ASSMCA aumentó a dos servicios de seguimiento por semana. El Recurrido se ausentó: 19 y 30 de mayo, y 2 y 9 de junio de 2008. ASSMCA entiende que debe considerarse un tratamiento residencial.
El 26 de junio del pasado año, se le ubicó en Hogar Crea, donde recibió servicios hasta el 12 de septiembre, fecha en que se fue, pero regresó tres días luego. Al reingresar, dio positivo a marihuana y cocaína.
El 18 de septiembre de 2008, el Recurrido abandonó el tratamiento, y no se le vio más hasta su detención seis meses luego, el 17 de marzo de 2009. Su madrastra y custodia, Martha López, alegó no tener contacto con el menor ni conocer sobre sus actividades durante su evasión.
El Recurrido se mostró poco cooperador con la preparación del informe sobre revocación. La Trabajadora Social recomendó ubicarlo en la Administración de Instituciones Juveniles (AIJ) para que el menor pueda cumplir la medida en un ambiente estructurado.
*629 En su tumo de argumentación, la representante legal del menor solicitó que se escuchara a un representante de Hogar Crea, identificado como “Don Maximino”. Alegó que la conducta del menor responde a un problema de abuso de sustancias controladas y recaídas normales en el proceso de rehabilitación.
Por su parte, el Ministerio Público argumentó que el Recurrido incumplió repetidamente las condiciones de su medida, y no mostró compromiso. Desaprovechó tanto los servicios de ASSMCA como de Hogar Crea; arrojó positivo a sustancias controladas en 3 ocasiones; se ausentó a su tratamiento en más de 3 ocasiones; se evadió del Hogar en 2 ocasiones, y estuvo desaparecido por aproximadamente seis meses, sin que su custodia supiera de él. Independientemente de que Hogar Crea esté dispuesto a recibirlo, el menor no está receptivo, pues no está beneficiándose del tratamiento. Se reitera la revocación de libertad a prueba, y que se le ubique en la AIJ que brinda muy buenos servicios.
El TPI determinó revocar la medida y ubicar al joven en la AIJ para que recibiera tratamiento para su adicción. Destacó que el menor había voluntariamente evadido la jurisdicción del Tribunal desde el 18 de septiembre de 2008 hasta el 17 de marzo de 2009. Sin embargo, ante la alegación de la defensa de que no había sometido su caso, el Tribunal acordó escuchar su prueba: el testimonio de Maximino Rivera Gutiérrez (Sr. Rivera).
El Sr. Rivera, Oficial de Enlace de Hogar Crea en el Tribunal, declaró que sabía del Recurrido porque había participado en Hogar Crea, y que su comportamiento fue bueno, “y que el tiempo que estuvo funcionó”. Expresó su disposición para recibir al Recurrido, quien debería beneficiarse de su programa, y de no funcionar, lo informaría al TPI. En apretada síntesis, testificó que los servicios de Hogar Crea eran mejor que los de la AIJ, a pesar que desconoce los servicios que ésta ofrece.
El TPI reconsideró la revocación, y determinó que el Recurrido permanecería en la custodia de su madrastra y estaría ubicado en Hogar Crea. Manifestó el TPI que tenía conocimiento (a raíz de otra vista) de que la AIJ no estaba ofreciendo servicios USMIC, porque los contratos no fueron renovados. Señaló vista de ajuste para el 18 de agosto de 2009.
De esta determinación es que ante nos recurre el Peticionario y señala en su alegato que el TPI cometió el siguiente error:
“Abusó de su discreción el Tribunal de Primera Instancia, Asuntos de Menores, en la apreciación de la prueba y el Derecho aplicable, al determinar que bajo las circunstancias presentes en este caso no debía revocarse el privilegio de libertad a prueba que ostenta el joven VACS cuando: 1) el joven ha incumplido reiteradamente con sus condiciones de libertad a prueba desde que la misma fue impuesta en octubre de 2007; 2) el sistema ya le ofreció la oportunidad previamente al joven de no revocarle el privilegio de libertad a prueba; 3) el joven no ha demostrado un compromiso serio con su proceso rehabilitativo; 4) el joven no tiene controles internos; y 5) la Trabajadora Social contundentemente expresó que el proceso rehabilitativo del joven estaría mejor atendido bajo el sistema de una estructura más rígida al amparo de la custodia de la Administración de Instituciones Juveniles.”
Luego de encausado el trámite del recurso, contamos con el beneficio de la ENP y las argumentaciones de ambas partes, por lo que nos hallamos en condición de resolver, lo que según intimado, hacemos a continuación.
H
Hoy nos atañe resolver si erró el TPI al negarse a revocar la libertad a prueba de VACS, y por el contrario brindarle una segunda oportunidad, a pesar de éste haber violado las condiciones impuestas. Al amparo de los fundamentos que a continuación exponemos, concluimos que erró el TPI al apreciar la prueba así como al reconsiderar su primera determinación de revocación de libertad a prueba. Consecuentemente, expedimos el auto de certiorari, y revocamos la recurrida Resolución. Explicamos.
Nuestra Ley de Menores, Ley Número 88 del 9 de julio de 1986, 34 L.P.R.A. Sees. 2201 et seq., regula lo concerniente a actos delictivos o faltas cometidas por menores de edad, para lo cual ofrece un sistema de procesamiento casi paralelo al criminal tradicional al que personas adultas que delinquen son sometidas. A pesar de tratarse de un sistema sui generis, “éste ha adquirido matices de naturaleza punitiva que van más allá del propósito meramente rehabilitador y paternalista de la antigua ley”. Pueblo en interés del menor G.R.S., 149 D.P.R. 1, 12 (1999).
El principio de hermenéutica comprendido en la Ley de Menores, requiere que ésta se interprete a la luz de los siguientes tres principios: “(a) Proveer para el cuidado, protección, desarrollo, habilitación y rehabilitación de los menores y proteger *630 el bienestar de la comunidad, (b) Proteger el interés público tratando a los menores como personas necesitadas de supervisión, cuidado y tratamiento, a la vez que se les exige responsabilidad por sus actos, (c) Garantizar a todo menor un trato justo, ei debido procedimiento de ley y el reconocimiento de sus derechos constitucionales.” (Subrayado nuestro) 34 L.P.R.A. See. 2202. Véase Díaz Morales v. Departamento de Justicia, res. el 27 de octubre de 2008, 2008 JTS 194; Pueblo en interés de los menores A.L.R.G. y F.R.G., 132 D.P.R. 990, 996-97 (1993).
Es por lo anterior que luego de un menor cometer falta y quedar sometido a la jurisdicción del Tribunal de Menores, en la vista adjudicativa, el foro judicial podrá imponer tres tipos de medidas dispositivas: nominal, condicional o custodia. 34 L.P.R.A. See. 2224. La medida condicional implica:
“Colocar al menor en libertad a prueba en el hogar de sus padres o en el de otra persona adecuada exigiéndole cumplir con una o más de las siguientes condiciones:
“(1) Reportarse periódicamente al Técnico en Relaciones de Familia y cumplir con el programa de rehabilitación preparado por éste.
(2) Prohibirle ciertos actos o compañías.
(3) Ordenarle la restitución a la parte afectada, de acuerdo al reglamento que a esos efectos se promulgue.
(4) Ordenarle al menor realizar servicio comunitario en aquellos casos en donde se cometa una falta que conlleve una medida dispositiva de seis (6) meses o menos, siempre que no se viole las disposiciones legales que rigen el trabajo de los menores en Puerto Rico.
(5) Ordenarle al menor a pagar la pena especial establecida por la see. 3214 del Titulo 33, para aquellas conductas delictivas descritas en la see. 98 Id del Título 25, parte de la ley conocida como "Ley de Compensación a Víctimas de Delitos". El tribunal podrá eximir al menor del pago de la pena especial en casos de faltas de cualquier tipo, de cumplirse los requisitos para eximir del pago de la pena especial en delitos graves establecidos en la see. 3214 del Título 33.
(6) Cualesquiera otras condiciones que el tribunal estime favorables a su protección o tratamiento.” (Subrayado nuestro)
Mientras que la custodia se refiere a:
“Ordenar que el menor quede bajo la responsabilidad de cualesquiera de las siguientes personas:
(1) El Administrador de Instituciones Juveniles, en los casos que se le imponga al menor un término mayor de seis (6) meses en su medida dispositiva. La Administración de Instituciones Juveniles, a través de la División de Evaluación y Clasificación, determinara la ubicación del menor y los servicios que le serán ofrecidos.
(2) Una organización o institución pública o privada adecuada.
(3) El Secretario de Salud en los casos en que el menor presente problemas de salud mental.”
Cuando se trata de una falta de Clase II, equivalente a algunos delitos graves, la medida podrá ser nominal, condicional por máximo de tres años, o custodia por máximo de dos años. 34 L.P.R.A. See. 2227.
Para disponer adecuadamente del caso, el Tribunal deberá contar con un informe o estudio social preparado por un técnico o especialista adscrito al Tribunal. 34 L.P.R.A. 2225. Luego de impuesta una medida, el Tribunal deberá periódicamente atender el progreso del menor, por lo que podrá mantener la medida, modificarla o darla por terminada, según las particulares circunstancias y necesidades del menor. 34 L.P.R.A. See. 2231. Entonces deberá también orientarse con informes. 34 L.P.R.A. Ap. I-A, R. 8.8 y 8.9.
Sobre el cumplimiento de las medidas impuestas por el Tribunal de Menores, debemos tener presente que, al igual que una sentencia, una medida de libertad a prueba o condicional es un privilegio, no un derecho. Pueblo v. Torres Rivera, 137 *631 D.P.R. 630, 642-43 (1994). Es por ello, que si un menor incumple con alguna de las condiciones impuestas, la Regla 8.13 de Procedimiento para Asuntos de Menores, provee el proceso de revocación.
“(a) Cuando ajuicio del técnico o especialista de relaciones de familia a cargo de la supervisión de un menor, éste ha violado alguna de las condiciones de la medida condicional, o si hubiere motivos para creer que su conducta es incompatible con la debida seguridad de la comunidad, lo notificará al Procurador, quien iniciará el procedimiento de revocación de libertad condicional.
(b) El Procurador radicará ante el juez correspondiente una petición fundamentada de revocación de libertad condicional.
(c) Entrevista ex parte inicial. Al recibir la petición, el Juez celebrará una entrevista ex parte inicial para determinar si existe causa probable para creer que el menor ha incurrido en conducta que amerite la revocación de la medida condicional. AI concluir la entrevista, el Juez expedirá la orden de citación o detención, según determine.
La determinación del Juez de detener o citar en esta etapa se fundará entre otras consideraciones, en la entrevista con el especialista o técnico de relaciones de familia y el examen del informe, la gravedad de las condiciones alegadamente incumplidas, el expediente legal, la conducta observada durante la probatoria y otras circunstancias pertinentes. La orden de detención o citación que expida el Juez en esta etapa de los procedimientos deberá incluir una relación de los procedimientos celebrados, una descripción concisa y clara de las alegadas violaciones a las condiciones de probatoria y consignara la fecha de la vista sumaria inicial o de la vista en su fondo de revocación de la medida condicional, según sea el caso.
De ordenarse la detención del menor, éste deberá ser llevado en un plazo no mayor de setenta y dos (72) horas contado desde su detención ante el Juez correspondiente para la celebración de una vista sumaria inicial.
Al concluir la vista, el Juez expedirá la orden de citación o de detención según sea el caso.
(d) Vista sumaria inicial. El tribunal celebrará una vista sumaria inicial para determinar si procede la revocación provisional y la detención del menor hasta la celebración de la vista en su fondo. El menor tendrá derecho a representación legal, a ser oído y a presentar prueba a su favor. Podrá a su vez confrontar al técnico o especialista de relaciones de familia promovente y a los testigos adversos disponibles en esta etapa. El peso de la prueba corresponderá al Procurador.
La vista será de carácter informal y las Reglas de Evidencia, Ap. IV del Título 32, se aplicarán flexiblemente, de modo que no desnaturalicen u obstaculicen el procedimiento. Si a juicio del Juez ante el cual se radicó la petición se determina que existe causa probable, ordenará la revocación provisional de los beneficios de la libertad condicional y notificará la orden de detención del menor.
El tribunal hará por escrito una relación sucinta de los procedimientos y de su decisión, con notificación al menor probando y al Procurador.
(e) Vista final. El tribunal celebrará una vista final sobre revocación de la medida condicional. Salvo justa causa, la vista final sobre revocación de la medida condicional deberá celebrarse dentro de los treinta (30) días posteriores a partir de la fecha de la vista sumaria inicial.
(1) El menor será notificado por escrito con suficiente antelación de las alegadas violaciones a la libertad condicional, de forma que pueda prepararse adecuadamente. Sujeto a lo dispuesto en la Regla 10.2 (b) de este apéndice, podrá confrontar la prueba testifical en su contra y presentar prueba a su favor.
(2) El peso de la prueba corresponde al Procurador. La decisión del tribunal, fundada en la preponderancia de la prueba, se hará por escrito y especificará, las determinaciones de hechos, la prueba que los sustenta y los fundamentos de su resolución.
(3) El tribunal podrá consolidar la vista sumaria inicial con la vista final, cuando la vista inicial se suspendiera a petición o por causas atribuibles al menor probando, a solicitud de su abogado, o cuando el Procurador no solicite o no logre obtener la *632 detención del probando. En este último supuesto, la vista final de revocación se notificará con no menos de treinta (30) días de antelación a la fecha de la celebración de la misma.
(4) La vista sumaria inicial y la vista final deben dilucidarse ante distintos jueces. La vista final puede ser ventilada ante el mismo juez que impuso la medida condicional.
(f) Cuando el tribunal ordene la revocación de la libertad condicional, impondrá la medida de custodia correspondiente a la falta cometida, según lo dispuesto en la see. 2227 de este título. No se tomará en consideración el término cumplido por el menor en libertad condicional.” (Subrayado nuestro) 34 L.P.R.A. Ap. I-A, R. 8.13.
Correctamente, el Peticionario trae a nuestra atención que en el proceso de revocación de libertad condicional de un menor vis a vis el caso de un adulto, el Tribunal de Menores no tiene discreción, sino que ante el incumplimiento de las condiciones por parte del menor, tendrá que imponer la medida de custodia correspondiente.
Luego de examinar con detenimiento el expediente, incluso la prueba oral, así como minuciosamente analizar la causa, opinamos que erró el TPI al aquilatar la prueba y consecuentemente resolver que no procedía revocar la libertad condicional del joven VACS.
La prueba testifical establece nítidamente que el menor: tiene un problema de abuso de sustancias controladas; no tiene compromiso con su tratamiento ni los servicios de rehabilitación; durante la extinción de su medida condicional, se ausentó en más de 3 ocasiones, hizo uso de marihuana y cocaína, al menos en tres ocasiones, y se evadió en 2 ocasiones; la más reciente evasión duró aproximadamente 6 meses, hasta que se le detuvo para tramitar la revocación de su libertad condicional. De otra parte, la persona que está encargada de la custodia del menor, su madrastra, desconoce de sus paraderos y actividades.
En su escrito de oposición, el Recurrido nos solicita que le brindemos deferencia al TPI y confirmemos su dictamen. En esencia, propone que a la luz del testimonio del Sr. Rivera, así como el conocimiento judicial acerca de la carencia de servicios de tratamiento en la AIJ, el TPI resolvió bien porque, después de todo, se trata de un caso de un menor. Desacertadamente, el Recurrido cita casuística sobre el poder de parens patriae y el deber del Estado de velar por el bienestar y los mejores intereses de los menores, todo lo cual es aplicable a casos de Derecho de Familia, no los de Ley de Menores.
De otra parte, la prueba del Recurrido, como bien señala el Peticionario, es contradictoria. Por un lado, su testigo, el Sr. Rivera, sugirió que el menor fuera reingresado a Hogar Crea porque ello sería beneficioso para él. Pero por otro lado, el Supervisor de Hogar Crea presenta un informe negativo. Véase Anejo II.
En fin, la respuesta a la controversia que hoy resolvemos, bien la recapitula el Peticionario al expresar: “que el joven incumplió en repetidas ocasiones con una de las condiciones especiales y más importantes impuestas por el tribunal al concederle la libertad a prueba: participar en un programa de rehabilitación”. Certiorari, página 16.
m
En virtud del Derecho anteriormente expuesto, expedimos el auto de certiorari y revocamos la determinación del Tribunal de Menores. Entiéndase revocada la libertad condicional del menor VACS, quien deberá extinguir la medida impuesta en la AIJ, sujeto a los informes y las vistas de seguimiento que el TPI estime prudentes y necesarias. Por todo lo cual, se devuelve la causa al TPI para que continúe los procedimientos de conformidad con lo hoy resuelto.
Notifíquese de inmediato por facsímil y correo ordinario a la Honorable GriceOe Lugo Santiago y a las demás partes.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria.
Dimarie Alicea Lozada Secretaria Tribunal de Apelaciones